WATERS v. RUSHING.

No. 31202. May 2, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 423.*

Fred W. Martin, of Wagoner, for plaintiff in error.

John H. Moss, of Wagoner, for defendant in error.

CORN, C. J. This is an action upon an account, and it was originally brought in the justice court. The plaintiff's bill of particulars failed to state that the account had been listed and the tax paid thereon under the provisions of the Intangible Personal Property Tax Act, or that it was not subject to such tax. The defendant demurred to the petition, and his demurrer was overruled. Then he filed what he denominated an answer and cross-petition in which he admitted owing the sum of $19.55 on the account, and prayed that judgment be entered against him in said amount, and that the costs be taxed against the plaintiff. The cause was tried to a jury and a verdict was rendered in favor of the plaintiff for the sum of $60.54, and thereupon the court rendered judgment for the plaintiff for the said amount and for the costs of the action. From this judgment the defendant appealed to the district court. The district court reviewed the transcript and made the following finding:

"That the petition filed does not contain allegation that the subject of the action sued upon has been assessed for taxation under the provisions of article 9, of the acts of the Seventeenth Legislature of 1939, and further finding that such allegation should be contained in said petition in this action;

"It is therefore adjudged, ordered, and decreed that this action be dismissed without prejudice, at cost of plaintiff."

Under Title 68, section 1515, O. S. 1941, in an action on an account where the plaintiff fails to allege that such intangible personal property sued upon has been assessed for taxation under the provisions of this act for every tax year during which he was the owner of same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period have been paid, or allege such intangible property is not subject to such tax, stating the controlling facts upon which is based such allegation, the trial court

does not err in dismissing said action.

The defendant contends that the case should have been decided on its merits, that judgment should have been rendered for plaintiff for $19.95, the amount defendant admitted to be due, and that as to the balance of the account the action should have been dismissed with prejudice. He relies upon 12 O.S. 1941 § 683. He contends that no intangible tax was due on $4.38 of the running account, since that much of the account was incurred during 1941. The account covers the period from January 9, 1940, to August 3, 1941, and was for the purchase of oil and gasoline. But the account is sued on as one account in one cause of action. The account is not to be broken up into several accounts. The provision of the intangible tax law requiring dismissal of the action where the law is not complied with is for the protection of the public in the collection of revenue and cannot be waived by the parties. It is not intended to prevent the creditor from collecting his debt, but rather to force payment of the tax. We think the law contemplates dismissal without prejudice and that section 683 is not applicable.

Judgment affirmed.

GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and HURST, JJ., concur.