## EDMONDS v. WHITE.

No. 33762.   June 20, 1950.

*219 P. 2d 1007.*

R. L. Christian, of Frederick, for plaintiff in error.

Wilson & Wilson, of Frederick, for defendant in error.

HALLEY, J.  This is an action by R. F. White against 'E. L. Edmonds to recover the sum of $500 alleged to be due under a written rental contract between the parties, who will be referred to as they appeared in the trial court.

Plaintiff alleged that on February 3, 1945, he owned and operated a cafe in the town of Davidson, Oklahoma, and on that date entered into a contract with E. L. Edmonds whereby he sold him all his restaurant supplies and stock of beer on hand, and leased him all furniture, fixtures and equipment used in the cafe.

At that time, the plaintiff had a written contract with C. L. Corbin, a beer distributor at Lawton, Oklahoma, whereby Corbin had contracted with the plaintiff to furnish the cafe draught beer, when available, and a minimum of 200 cases of beer per month, "as long as the amount is available to me." With the written consent of C. L. Corbin, the plaintiff assigned this contract to the defendant. The lease between plaintiff and defendant was dated February 3, 1945, and was for a term of 17 months. The total consideration was $2,125, of which $425 was paid in cash, leaving the balance payable at $100 per month, beginning March 1, 1945.

Plaintiff alleged that he had complied with the terms of his contract, but that about February 1, 1946, the defendant had refused to make further payments, leaving a balance due under their contract of $500, for which he prayed judg-

232

ment. The contract between plaintiff and defendant was attached to the petition, and contains the following pertinent paragraphs:

"IV. First Party agrees to transfer and assign to Second Party a lease and contract dated May 13, 1944, which he has with Mr. C. L. Corbin of Lawton, Oklahoma, whereas, Mr. Corbin agrees to supply First Party with Pabst Blue Ribbon draft beer at all times. It is understood and agreed by the said parties that if at any time Mr. Corbin should refuse or fail to meet the terms of his contract, that at the option of the Second Party, this rental contract could be declared null and void.

"V. At the expiration of this contract it is understood and agreed by both parties that the Second Party shall have an option to extend this rental contract for a period of one year."

The contract between the plaintiff and C. L. Corbin was also attached to the petition. It was for a term of one year, with the option to renew for an additional year, being dated May 13, 1944. The following cause is endorsed thereon:

"I, C. L. Corbin, further agree to supply at regular wholesale price a minimum of 200 cases of beer per month as long as the amount is available to me."

The defendant filed a general demurrer, which was overruled. Defendant answered, admitting the execution of the contract with the plaintiff and the transfer to him of the Corbin contract. He denied that either the plaintiff or Corbin had complied with their contracts, and alleged that Corbin had breached all of the material terms of his contract in that he failed and refused to deliver to defendant the merchandise provided for in his contract, upon which the contract between plaintiff and defendant depended, and that on account of such breach of contract the defendant had declared his contract null and void on February 1, 1946. He prayed that the plaintiff take nothing. Plaintiff replied that since the Corbin contract expired May 13, 1945, if the defendant had exercised his option to renew, such extension between the defendant and Corbin relieved the plaintiff from any obligation under the Corbin contract, and a breach thereof by Corbin during such extension period did not constitute a breach by the plaintiff or relieve the defendant under his contract with the plaintiff.

Defendant filed an unusual "answer to plaintiff's reply", and admitted that he had extended the Corbin contract for a period of one year, but that such extension had been approved and acquiesced in by all parties, and that the plaintiff was still bound thereby.

At the conclusion of the evidence, plaintiff moved for a directed verdict, and his motion was sustained. Judgment was entered for the plaintiff for the sum of $500. Defendant's motion for new trial was overruled, and he has appealed.

In his assignments of error, the defendant has raised the question of the jurisdiction of the court to enter judgment for the plaintiff, because plaintiff had failed to comply with the provisions of the Intangible Tax Law by alleging and proving that the claim sued upon had been listed for assessment for taxation as intangible personal property. Sec. 1501(c), 68 O.S. 1941, defines intangible personal property subject to taxation, in part, as follows:

"Accounts and bills receivable, including brokerage accounts and other credits, whether secured or unsecured."

We have examined the contract sued upon. It is for a definite sum. It falls within the class of credits or bills receivable made taxable by the above section of our statutes. Sec. 1515, 68 O.S. 1941, provides that in a suit for the collection of any obligation constituting intangible personal property, the plaintiff must allege and prove that such property has been listed and assessed for taxation and that all taxes, interest and penalties assessed against the same have been paid. It is also

provided that failure to so allege and prove renders the action liable to dismissal upon demurrer or motion of the defendant, or upon the court's own motion.

It has been held that the question of whether or not the above requirements have been met may be raised for the first time on appeal. In Mayor v. Bennett, 199 Okla. 579, 189 P. 2d 186, it was said:

" . . . Whether, in this case, the plaintiff had properly established compliance with the Intangible Tax Law, was a question of law for the court. But it is jurisdictional and therefore may be raised in this court for the first time. . . ."

In Mead v. Hellams, 200 Okla. 381, 194 P. 2d 603, the plaintiff had sued for a sum alleged to be due upon a construction contract. The rule as to compliance is announced in the second syllabus as follows:

"In an action on an account which is subject to the Intangible Tax Law, 68 O.S. 1941 Secs. 1501-15, it is error for the trial court to render judgment for plaintiff unless plaintiff has alleged and proven compliance with the Intangible Tax Law."

It was further said, in the body of the opinion:

"The contract sued upon, as found by the court, was made September 25, 1945, and the agreed price became due and payable November 23, 1945. The suit was filed January 24, 1946. It was the duty of the plaintiff, under the law, to list or assess his claim of indebtedness on and after January 1, 1946, 68 O.S. 1941 §1507, and to pay the taxes thereon when due. Although plaintiff by competent evidence established his case on the merits and proved his debt against the defendant, plaintiff was not entitled to judgment without making proof of compliance with the Intangible Tax Law, 68 O.S. 1941 §1515, and the rendition of judgment by the trial court was erroneous. Mayor v. Bennett, supra."

Sec. 1507, 68 O.S. 1941, provides that the listing and assessment of intangible personal property shall be governed by the law relating to the listing, assessment and equalization of personal property subject to general ad valorem taxation, and provides that the owner of such property shall list the same for taxation on or after January 1 and prior to May 1 of each year, or be penalized. The owner of such property on January 1 is obligated to list the same for taxation.

In Grubb, County Treasurer, v. Johnson Oil & Refining Co., 198 Okla. 433, 179 P. 2d 688, this court had under consideration the validity of the penalties provided for failure to list personal property by May 1. The penalty provisions were held constitutional.

Sec. 15.8, 68 O.S. 1941, provides that the date as of which personal property is valued and assessed for taxation shall be the first day of January of each year. In Rutter v. Heatley, 198 Okla. 591, 180 P. 2d 822, we held that the taxable status of intangible personal property is determined by its taxable status as of the date action thereon is commenced. Plaintiff acquired the contract sued upon on February 3, 1945. He admits he owned it up to the time this action thereon was commenced, July 24, 1946. He owned it on January 1, 1946, when it became subject to listing and assessment for taxation. If it was plaintiff's duty to list the obligation for taxation, he was obligated to allege and prove this fact. It is immaterial that he could not allege and prove the payment of the taxes. The taxes were not yet due, and the law does not require the doing of a useless or impossible thing. His claim was subject to listing and assessment. His failure to plead and prove such listing deprived the court of jurisdiction to enter judgment for the plaintiff. The fact that the installments due under the contract sued upon were not all due until a short while before filing this action is immaterial. The cause of action is upon the contract, and it is not necessary that a sum provided in a note or contract be past due to re-

quire allegations and proof of the listing for taxation.

As to the other assignments of error: The first is in the form of a question as to whether or not the option agreement in the Corbin contract was exercised. We think this question is sufficiently answered in the affirmative, because it appears in the record that the defendant filed what was designated as an "answer to plaintiff's reply", in which he flatly admitted that the option clause of said contract was exercised by defendant. The testimony of defendant upon this point was not positive, but he is bound by the allegation mentioned.

As to the second assignment of error, the defendant states that he was relieved from performing his part of the contract by virtue of the fact that the beer was not furnished in conformity thereto, and that the trial court erred in sustaining the motion for a directed verdict. The evidence fails to sustain his contention on this point. Up until January, 1946, he had received more beer, on an average, than Corbin had agreed to furnish. Corbin had provided in his contract that he would furnish the beer only when available to him from the brewer. The defendant produced no evidence to show that Corbin had not lived up to his agreement, and for that reason this assignment of error is not well taken.

As to the third assignment of error, we think it is groundless in face of the contract, in which defendant leased the premises for seventeen months and has only paid for twelve months, and has offered no valid reason why he should not carry out his part of the contract.

The judgment is vacated, with directions to the trial court to hear and determine whether or not there has been a compliance with the Intangible Tax Law. If plaintiff establishes compliance, then judgment should be rendered for the plaintiff. If plaintiff fails to establish compliance with such law, then his action should be dismissed.

ARNOLD, V. C. J., and CORN, LUTTRELL, and JOHNSON, JJ., concur. O'NEAL, J., dissents.