### EDMONDS v. WHITE.

No. 34874. Dec. 12, 1950.

*225 P. 2d 358.*

R. L. Christian, of Frederick, for plaintiff in error.

Wilson & Wilson, of Frederick, for defendant in error.

JOHNSON, J. The first appeal in this case was disposed of in Edmonds v. White, 203 Okla. 231, 219 P. 2d 1007. This opinion reversed and remanded the cause with directions as follows:

"The judgment is vacated, with directions to the trial court to hear and determine whether or not there has been a compliance with the Intangible Tax Law. If plaintiff establishes compliance, then judgment should be rendered for the plaintiff. If plaintiff fails to establish compliance with such law, then his action should be dismissed."

On receipt of the mandate the matter was set for trial, and the evidence discloses without dispute that the plaintiff had complied with the Intangible Tax Law. Notwithstanding the directions of the Supreme Court in the above entitled cause in the first appeal, defendant appeared and objected to any evidence offered by the plaintiff as to compliance with the Intangible Tax Law, moved to strike all the evidence after it was introduced and appealed from the judgment entered for the plaintiff.

A motion to dismiss has been filed for the reason that the appeal is without merit and for delay only. The motion must be sustained. In McClung v. Harris, 11 Okla. 64, 65 P. 941, it is stated:

"An appeal will not be entertained from a decree entered in a district court or other inferior court in exact accordance with the mandate of this court upon a prior appeal. If such an appeal is taken, this court will examine the decree entered, and, if it conforms to the mandate, dismiss the appeal, with costs, upon application of the adverse party."

Where upon an examination of the record, the motion to dismiss and the response thereto it appears the appeal is without merit, said appeal will be dismissed. Atkinson v. Shaffer, 187 Okla. 262, 102 P. 2d 943.

The response does not contest the fact that the plaintiff established beyond dispute payment of the intangible property tax and that the judgment was entered in compliance with the mandate of this court. The appeal is without merit and should be dismissed, and it is so ordered.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, and HALLEY, JJ., concur.