## MEAD v. HELLAMS.

No. 34033.   Oct. 9, 1951.

*236 P. 2d 498.*

Chas. D. Scales, Oklahoma City, for plaintiff in error.

O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., Oklahoma City, for defendant in error.

WELCH, J.   J. E. Hellams, Jr., recovered judgment against Emma I. Mead for the contract price of repairs made on the defendant's building, and for the foreclosure of lien for services performed and materials furnished, and the defendant appeals.

This is a second appeal arising from the action.   In the first appeal, in Mead v. Hellams, 200 Okla. 381, 194 P. 2d 603, this court vacated a former judgment of like terms as that mentioned above, which former judgment was rendered in 1946.   In that former appeal we found and held that the plaintiff, by competent evidence, had established his case on the merits, and had proven his debt against the defendant, but this court vacated the judgment for the reason there was no proof of compliance with the Intangible Tax Law, 68 O. S. 1941 §§1501-1515.   The pleadings and record of the testimony in the former appeal contained no reference to the Intangible Tax Law.   That record did not reflect that the question of compliance with the Intangible Tax Law was called to the attention of the trial court, but the question was one of proper consideration in this court, since proof of compliance was essential to the authority of the trial court to render the judgment on the account.

On that vacation of the judgment the cause was remanded with directions to the trial court to hear and determine whether or not there has been compliance with the Intangible Tax Law. The trial court was directed that on such hearing, if plaintiff established compliance, to render judgment for plaintiff, otherwise to dismiss plaintiff's action.   Costs of the appeal were taxed against the plaintiff.

Upon receipt of the mandate of this court issued in the former appeal, and after notice to the parties, a hearing was held and conducted by the trial court in September, 1948.   At that hear-

ing the plaintiff presented evidence that he had assessed the claim or debt sued on for the intangible tax for all the years of its existence, that is, the years 1946 to 1948, both inclusive. These assessings and tax payments were made subsequent to our determination on former appeal, but prior to the further hearing in September, 1948.

. At the conclusion of that hearing the trial court rendered judgment for the plaintiff in the terms as mentioned in the beginning paragraph above.

In this appeal the defendant contends the evidence adduced at the last hearing mentioned is incompetent and insufficient. There is no challenge of the sufficiency of such evidence to show assessment and payment of tax as above set out and required under the Intangible Tax Law. The defendant's contentions rest on his assertions that the assessments and tax payments were not timely made; that the evidence concerning such acts of the plaintiff was incompetent in proof of compliance with Intangible Tax Law as to satisfy jurisdictional requirement in entry of the judgment first entered by the trial court, and that the order and judgment of this court in the former appeal restricted the trial court to a hearing and determination of whether compliance had in fact been made prior to the entry of the judgment there under consideration.

The contentions and argument of the defendant proceed in error and misinterpretation of the opinion and judgment of this court in the former appeal. Therein we vacated the first judgment that had been entered by the trial court and remanded the cause with directions for a hearing of the question to which plaintiff's evidence introduced at this subsequent hearing in 1948 was addressed.

The time element of the assessment and the payment of tax on intangible personal property such as an account receivable is material in an action on the account only, in that proof of compliance with the tax law is required before the court renders judgment on the account. In such an action, unless proof of compliance with the tax law is made, the court should dismiss the action. 68 O. S. 1941 § 1515. The statute provides that in such an action, on failure of proof of compliance with the tax laws, the action must be dismissed upon the motion of the defendant or by the trial court on its own motion. There is no provision that compliance with the tax laws is a condition precedent to the bringing of such an action, or that failure of compliance in anywise affects the validity of the account sued on. In the pendency of such an action there is no limitation in statute as to when compliance with tax laws may or must be made, but proof of compliance is a condition precedent to the right to recover judgment.

Herein, after vacation of the first judgment by this court, and upon remand of the cause, the case stood in the trial court as an action pending, and with evidence already received in proof of the debt and the right of enforcement. In the further hearing with introduction of proof showing a compliance with the Intangible Tax Law, the trial court was fully authorized and required to render the judgment entered. For a case where there was similar first and second appeal, with intervening hearing and determination as to intangible tax compliance, see Edmonds v. White, 203 Okla. 231, 219 P. 2d 1007, and Edmonds v. White, 203 Okla. 645, 225 P. 2d 358.

As to the extent or amount of compliance with the Intangible Tax Law, which the plaintiff must prove as a condition precedent to his right to recover judgment, the established rule is that plaintiff need only prove the making of such compliance as matured or was required on or before the date the action was commenced. That rule was established in the decision of this court in Lewis v. Boice, 205 Okla. 189, 236 P. 2d 258.

In this case the chose in action came into existence in 1945, and this suit

thereon was commenced January 24, 1946. Under the rule of Lewis v. Boice, supra, the only Intangible Tax Law compliance, which plaintiff needed to show following our decision on former appeal of this case, was a listing or assessing of this item for the one year 1946, since that was the only requirement of the law which was applicable to this chose in action on and before January 24, 1946. The plaintiff, as a condition precedent to his right to recover judgment, was not required to go further and prove payment for 1946, nor assessment or payment for either of the years 1947 or 1948. This, of course, does not affect the taxability of the item for those years intervening between commencing action and rendering of judgment, or the duty of plaintiff under the statute to list the item and pay taxes thereon during those years. It remains the duty of plaintiff to pay the proper tax on this item for all the years he owns it, as required by the statute, 68 O. S. 1941 §1501 et seq., and there was no intention to hold otherwise in Lewis v. Boice, supra.

The defendant also complains of the failure of the trial court to act on her motion to compel the plaintiff to give security or pay the costs of the first appeal as taxed by this court before proceeding with the last hearing. A requirement of payment of accrued costs during the pendency of an action is a matter in the discretion of the court. Herein it does not appear that the defendant suffered any injury in the failure of the court to act in exercise of such discretion, or that the defendant's rights have been prejudiced in denial of her motion.

The judgment is affirmed.

HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. ARNOLD, C. J., and GIBSON, J., concurring specially.

GIBSON, J. (concurring specially). I concur in the conclusion reached in the majority opinion, but I think the same error is present there as was apparent in the first appeal of this case, 200 Okla. 381, 194 P. 2d 603. It was not necessary to reverse the judgment in the former appeal for under the facts of that case it was not necessary for the plaintiff to allege and prove that the intangible personal property had been assessed for taxation and the taxes paid. This is obvious from the former opinion, for therein it is stated:

"The contract sued upon, as found by the court, was made September 25, 1945, and the agreed price became due and payable November 23, 1945. The suit was filed January 24, 1946."

Before the present amendment of the statute, intangible personal property was assessed as of January 1st.

68 O. S. 1941 §1507 provides:

"Unless otherwise expressly provided in this Act, the listing, assessment and equalization of intangible personal property, subject to taxation under this Act shall be governed by the laws relating to the listing, assessment, and equalization of personal property subject to general ad valorem taxation, including rights of appeal and duties and powers of officials . . ."

68 O. S. 1941 §15.6 provides for the place of listing and assessment of property, and

68 O. S. 1941 §15.11 provides, in part, as follows:

"It shall be the duty of the Assessor to furnish such forms to any taxpayer upon request, and all personal property shall be listed on such forms in the manner provided therein; and such lists shall be signed and sworn to and filed with the County Assessor not later than March 1st of each year."

The assessment of intangible personal property consists of (1) the listing of the property, either by the voluntary act of the owner or by the act of the assessor when the owner fails to file a list of his property.

(2) The valuation of the property by the assessor as of January 1st.

(3) The preparation of the tax rolls as provided for by 68 O. S. 1941 §§ 15.52 and 15.53.

(4) Extension of taxes by the assessor upon the tax rolls as provided by 68 O. S. 1941 § 15.55. In the case of intangibles, where the rate of taxation is fixed by statute rather than by act of the excise board, the assessment is made and the amount of the tax determined by operation of law when the value of the intangibles is equalized and finally fixed.

(5) Delivery of the tax rolls by the county assessor to the county treasurer.

It is not until all of the foregoing steps have been taken that the assessment is complete and a taxpayer can know the amount of his intangible tax and pay the same.

68 O. S. 1941 §1515 provides, in part, as follows:

"In every action or suit in any court for the collection of any bond, note, account receivable, or other intangible personal property as defined in Section 1 of this Act, the plaintiff must allege and prove:

"That such intangible personal property sued upon has been assessed for taxation under the provisions of this Act for every tax year during which he was the owner of same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period, have been paid; . . . and provided further, if such intangible property is not subject to such taxes he may so allege, stating the controlling facts upon which is based such allegation.

"If the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

In the majority opinion, it is said:

"In this case the chose in action came into existence in 1945, and this suit thereon was commenced January 24, 1946. Under the rule of Lewis v. Boice, supra, the only intangible tax law compliance which plaintiff needed to show following our decision on former appeal of this case, was a listing or assessing of that item, for the one year 1946, since that was the only requirement of the law which was applicable to this chose in action on and before January 24, 1946."

Such construction violates the rule that tax statutes are strictly construed against the state or the municipal subdivision levying the tax and liberally in favor of the taxpayer.

The statute does not require that plaintiff must allege and prove that the intangible has been *listed* for taxation. It only requires allegation and proof of the assessment of the property for taxation and of the payment of the tax, or the allegation of facts which would excuse the making of such allegation and proof.

In this case the contract sued on was made September 25, 1945, and became due November 23, 1945. The suit was filed January 24, 1946. At the time the suit was filed the assessment of the intangible for taxes could not have been completed and there was no tax due or payable.

As I see it, these facts appear from the pleadings sufficiently to make it unnecessary to allege or prove anything about the assessment or taxability of the item sued on.

I cannot believe that in enacting the Intangible Tax Law the Legislature intended to deprive a trial court of the power to render a judgment unless a plaintiff had alleged and proved some step in the assessment of property for taxes or intended to deny to a litigant the right to recover a judgment solely because he failed to make such allegation and proof or because he failed to allege in exact words and prove that the assessment of the property had not been completed at the time of the institution of the action and therefore the payment of the tax could not be made.

Such construction of the statute adds to my doubt as to its constitutionality.

The plaintiff in this case would not be relieved from payment of taxes on the contract for the fiscal year 1946-1947 if we should hold that it was unnecessary to allege and prove assessment or some step thereof. The tax liability would remain and the taxes would be collected as are taxes on intangible property which does not become the subject of suit.

ARNOLD, C. J., concurs in these views.