## PFRIMMER v. TIDWELL et al.

No. 35647. Nov. 18, 1952.

Rehearing Denied Dec. 16, 1952.

Application for Leave to File Second Petition for Rehearing Denied Jan. 6, 1953.

252 P. 2d 123

Porter & Porter, Muskogee, for plaintiff in error.

George W. Leopold, Muskogee, for defendants in error.

DAVISON, J. This case is now before this court a second time, the former appeal being Pfrimmer v. Tidwell, reported in 205 Okla. 262, 236 P. 2d 978.

The plaintiffs below, Tidwell and Thomas, recovered judgment for the principal sum of $925 as brokers' commission in securing a purchaser for certain real estate belonging to the defendant, Pfrimmer. Upon petition for rehearing in this court, said defendant objected to affirmance of the judgment on the ground that plaintiffs had not shown compliance with the Intangible Personal Property Tax Laws (68 O.S. 1941 §1501 et seq.). Thereupon, this court ordered that:

"The judgment is vacated and the cause remanded, with directions to the trial court to hear and determine the questions as to whether or not there has been compliance with the Intangible Tax Law, 68 O.S. 1941 § 1501 et seq., and if plaintiffs establish compliance, to render judgment for plaintiffs, otherwise to dismiss plaintiffs' action."

After remand, the trial court set the matter for hearing, at which time plaintiffs introduced in evidence the tax assessment records and the tax receipt records of the county, showing assessment and payment of intangible personal property tax. The evidence was admitted over defendant's objection that "it was paid too late to come within the statute of limitations, and for the further reason from start to finish it's a jurisdictional question." At the conclusion of the hearing, the trial court rendered judgment for the plaintiffs in line with the mandate of this court. The defendant has appealed from

that judgment, seeking relief therefrom upon three grounds, namely: that the statute of limitations was never tolled by the filing of the action because no allegation was made of compliance with the Intangible Personal Property Tax Law, nor was any proof of the same offered until more than three years after the accrual of the cause of action; that the amount of tax and penalty paid by plaintiffs, as shown by the county treasurer's tax receipt, was far less than the amount fixed by statute as actually due thereon; and, finally, that the trial court was in error in adjudging that plaintiffs' claim should bear interest from the date the first judgment was rendered, November 14, 1947. In determining the merit of these propositions, they will be considered in inverse order to that in which they have been presented.

As to the allowance of interest from November 14, 1947, the record in the first appeal, Pfrimmer v. Tidwell et al., supra, discloses that plaintiff's claim and right to recover damages for breach of contract matured and vested on August 21, 1946, such fact being admitted in the brief of plaintiff in error filed herein. By our opinion, in that first appeal, the amount was determined to be liquidated and certain. Under the provisions of 23 O.S. 1941 §6, and the holding in the case of Abraham v. Stewart Bros. Cotton Co., 165 Okla. 73, 24 P. 2d 992, the judgment of the trial court, as to interest on the claim here involved, was not erroneous.

The question of the correctness of the amount of tax paid is one that cannot be raised in this action. In this respect the same rule, and reasons therefor, applicable to the payment of tax on a promissory note under the provisions of the earlier act (C. O. S. 1921, §§9608, 9613) apply here. The earlier rule was stated in the case of Chelsea Gin Co. et al. v. Choctaw Cotton Oil Co., 177 Okla. 142, 57 P. 2d 597, as follows:

"The trial court held, properly, that the certificate of the treasurer substantially conforms to the provisions of the law and that the question as to the amount of taxes to be paid by the holder was not a proper issue in this action between the holder and the maker of the notes."

The remaining proposition is that dealing with the application of the statute of limitations. Although the question of tolling the statute was not there involved, what was said in the case of Mead v. Hellams, 205 Okla. 174, 236 P. 2. 498, disposes of it also. Therein the following language was used.

"The time element of the assessment and the payment of tax on intangible personal property such as an account receivable is material in an action on the account only, in that proof of compliance with the tax law is required before the court renders judgment on the account. In such an action unless proof of compliance with the tax law is made the court should dismiss the action, 68 O.S. 1941 §1515. The statute provides that in such an action on failure of proof of compliance with the tax laws the action must be dismissed upon the motion of the defendant or by the trial court on its own motion. There is no provision that compliance with the tax laws is a condition precedent to the bringing of such an action, or that failure of compliance in anywise affects the validity of the account sued on. In the pendency of such an action there is no limitation in statute as to when compliance with tax laws may or must be made, but proof of compliance is a condition precedent to the right to recover judgment.

"Herein, after vacation of the first judgment by this court, and upon remand of the cause, the case stood in the trial court as an action pending, and with evidence already received in proof of the debt and the right of enforcement. In the further hearing with introduction of proof showing a compliance with the Intangible Tax Law, the trial court was fully authorized and required to render the judgment entered."

With the filing of the petition in the case at bar, the action was pending. The failure to allege compliance with, or exemption from, the provisions of the Intangible Personal Property Tax

Law, was, by reason of the statute (68 O.S. 1941 §1515) such a defect that the action was subject to dismissal, but until it was dismissed it was a pending action and the statute of limitations was tolled thereby.

"The provision of the Intangible Tax Law requiring dismissal of the action where the law is not complied with is for the protection of the public in the collection of revenue * * *. It is not intended to prevent the creditor from collecting his debt, but rather to force payment of the tax. We think the law contemplates dismissal without prejudice and that (12 O.S. 1941) section 683 is not applicable." (Waters v. Rushing, 194 Okla. 306, 151 P. 2d 423).

Plaintiff in error complains that evidence of payment of the tax was admitted although no allegation was contained in the petition with reference thereto. Such objection was not made in the trial court and cannot, therefore, be now considered. The objection which plaintiff in error made as to the introduction of the evidence was that it was offered for the first time after the expiration of the limitation period, not that it was outside the issues framed by the pleadings. Further objection cannot be raised for the first time in this court.

Therefore, the judgment of the trial court was proper and should be affirmed.

Judgment affirmed.

HALLEY, V. C. J., and WELCH, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.