W. R. BRITTON, Appellant,

v.

DOWELL, Inc., a corporation, Appellee.

No. 5401.

United States Court of Appeals
Tenth Circuit.

Oct. 10, 1956.

Lee R. West and Austin R. Deaton, Jr., Ada, Okl. (Orel Busby, and W. V. Stanfield, Ada, Okl., on the brief), for appellant.

W. D. Hart, Pauls Valley, Okl. (Solon W. Smith, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff-appellee Dowell Inc. instituted this suit against defendant-appellant W. R. Britton to recover judgment for default in the payment of a promissory note executed and delivered to it by Britton.[1] Judgment below was for the plaintiff and defendant now asserts, for the first time on appeal, that the judgment cannot stand because plaintiff neither alleged nor proved payment of the intangible personal property tax of the state of Oklahoma. No findings relative to the tax or its payment were made by the trial court.

The applicable Oklahoma statute[2] makes it mandatory for one seeking to collect on a promissory note to both allege and prove payment of the tax as a condition of the suit or show the taxable situs of the property to be other than Oklahoma. The burden of such showing rests with the plaintiff. In the instant case the only mention of taxes is the testimony of the plaintiff's witness:

"Q. Well, Dowell Inc. owns property located in many parts of Oklahoma then, is that correct? A. I assume they do.

"Q. Do you know whether they pay property taxes on that property that is located in Oklahoma? A. We pay any and all taxes, I can assure you of that, but what they are, I do not know.

"Q. This work was performed in Oklahoma? A. It was.

"Q. With equipment located in Oklahoma? A. Yes, sir, it was."

A fair interpretation of this testimony cannot support a conclusion that the witness intended to state that the particular tax in issue had been paid.

The Supreme Court of Oklahoma has consistently held that section 1515 is not intended to prevent the creditor from collecting his debt, but is exclusively for the protection of the public in the collection of revenue. Pfrimmer v. Tidwell, 207 Okl. 605, 252 P.2d 123. The dismissal contemplated by the statute is one without prejudice. Waters v. Rushing, 194 Okl. 306, 151 P.2d 423. Being jurisdictional, questions relating to compliance with the statute can be

1. Parties will be referred to as in the trial court.

2. 68 Okl.Stat.1951, § 1515, provides as follows:

"In every action or suit in any court for the collection of any bond, note, account receivable, or other intangible personal property as defined in Section 1 of this Act, the plaintiff must allege and prove:

"That such intangible personal property sued upon has been assessed for taxation under the provisions of this Act for every tax year during which he was the owner of same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period, have been paid; provided, that the plaintiff shall not be required to prove assessment and payment hereunder for a period of more than three (3) fiscal years prior to the time of bringing his action, nor for any period of time in which the subject of his action was not taxable under this Act; and provided further, if such intangible property is not subject to such taxes he may so allege, stating the controlling facts upon which is based such allegation.

"If the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

raised for the first time on appeal and cannot be waived by the parties. Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978; McGill v. Cooper Supply Co., 196 Okl. 362, 165 P.2d 829. See also Mead v. Hellams, 200 Okl. 381, 194 P.2d 603; Edmonds v. White, 203 Okl. 231, 219 P. 2d 1007.

■■ Diversity jurisdiction allowing parties to seek relief in federal courts does not lessen nor broaden the incidence of state laws. Erwin v. Barrow, 10 Cir., 217 F.2d 522. As a consequence the judgment below is vacated and the cause is remanded to the trial court with directions to determine compliance or noncompliance with the Oklahoma intangible property tax law and to enter judgment in accordance with such determination.