W. R. BRITTON, Appellant,

v.

DOWELL, Inc., a corporation, Appellee.

No. 5539.

United States Court of Appeals
Tenth Circuit.

March 23, 1957.

Austin R. Deaton, Jr., Ada, Okl. (Orel Busby, W. V. Stanfield and Lee R. West, Ada, Okl., were with him on the brief), for appellant.

Solon W. Smith, Oklahoma City, Okl. (W. D. Hart, Pauls Valley, Okl., William J. Crowe and Hal D. Leaming, Oklahoma City, Okl., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and MURRAH and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Upon an earlier consideration of this case on appeal, 237 F.2d 630, this court set aside a judgment in favor of plaintiff-appellee upon the sole ground that appellee had failed to allege and prove compliance with the provisions of the Oklahoma intangible property tax law,[1] such compliance being a jurisdictional prerequisite to recovery upon a cause of action involving a promissory note. Pfrimmer v. Tidwell, 207 Okl. 605, 252 P.2d 123; Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978; Edmonds v. White, 203 Okl. 231, 219 P.2d 1007. The mandate read:

> "The judgment below is vacated and the cause is remanded to the trial court with directions to determine compliance or non-compliance with the Oklahoma intangible property tax law and to enter judgment in accordance with such determination." [237 F.2d 632.]

Upon remand to the District Court for the Eastern District of Oklahoma appellant sought leave to amend his answer to plead an alleged new and affirmative defense in the cause. The trial court refused to consider appellant's motion and, complying strictly to the mandate of this court, limited its inquiry to the question of appellee's compliance or non-compliance with the provisions of the Oklahoma intangible property tax law. Upon determination that appellee had fully complied with the requirements of that statute on or before the date this action was originally commenced, the trial court entered judgment for appellee. Appellant now complains of the trial court's refusal to allow the proposed amendment.

Upon remand from an appellate court with a specific mandate the trial court is limited to the imperative of the mandate and is without jurisdiction

---

1. 68 Okl.Stat.1951 § 1515.

to vary or extend it. Bastian v. Erickson, 10 Cir., 114 F.2d 338; Pocono Rubber Cloth Co. v. J. A. Livingston, 3 Cir., 92 F.2d 290. Appellant's proposed amendment did not affect the issues as limited by the mandate and was properly refused consideration by the trial court.

The judgment is affirmed.