Mrs. Vera L. HARRIS, Plaintiff in Error,

v.

Mrs. J. Richard CONWAY, Defendant in Error.

No. 39231.

Supreme Court of Oklahoma.

Oct. 10, 1961.

Paul Edwards, Tulsa, for plaintiff in error.

Wheeler, Wheeler & Wheeler, Tulsa, for defendant in error.

BERRY, Justice.

The parties will be referred to as they appeared in the trial court, which is in reverse order to their appearance here.

This is the second appeal in this case. The decision promulgated on the first appeal (No. 38,244 here) is reported in Okl., 343 P.2d 1069, 1078. In said decision the judgment on the verdict in plaintiff's favor was in effect approved. The case, however, was remanded with directions to vacate the judgment, and after having done so to determine whether plaintiff "has" complied with the Intangible Tax Law (68 O.S. 1951 § 1501 et seq.); that if compliance were shown, to enter judgment for plaintiff, but if not so shown, to dismiss the action. That portion of the opinion which is directly in controversy reads as follows:

"From what we have said, it is obvious that we have found in the assignments of error properly presented and dealt with herein, no cause for reversing the trial court's judgment on the merits of this case, but we have also determined that since the record contains no proof of plaintiff's compliance with the Intangible Tax Law (as she alleged), it fails to establish a jurisdictional prerequisite to rendition of judgment in her favor. We therefore remand this case to the trial court with directions to vacate the judgment appealed from, to tax the costs of this appeal against plaintiff, and to determine whether or not she has in fact complied with the Intangible Tax Law. Said court is further directed to enter judgment in her favor if she is adjudged to have so complied, but, if she is adjudged to have not complied, to dismiss the action without prejudice."

After the mandate in No. 38,244 had reached the trial court, said court conducted a hearing for the purpose of determining whether plaintiff had complied with the provisions of the Intangible Tax Law. At said hearing evidence was introduced that in November, 1959, following rendition of the first decision herein, plaintiff caused an intangible tax return to be filed for the years 1957 (the year in which the account came into being) and 1958 and paid all intangible taxes levied on the account for said years. At the conclusion of the hearing, the trial court rendered judgment for plaintiff. From order of said court denying defendant's motion for new trial which was directed to said judgment, defendant perfected this appeal.

The defendant contends that the evidence fails to show that the account in controversy had been returned for intangible tax purposes and that intangible taxes levied thereon were paid; that in any event the provisions of 68 O.S.1951 § 1515 could not be satisfied by paying the intangible tax following rendition of the original judgment on the merits by the trial court.

Plaintiff caused to be introduced in evidence intangible tax returns that her agent executed and filed in her behalf for the years 1957 and 1958. These returns show that plaintiff caused to be assessed "Accounts and Bills Receivable and other Cred-

its" in the amount of "$2,750.00". Receipts were introduced in evidence which show that intangible taxes levied on said property for 1957 and 1958 were paid. Plaintiff's agent who made the returns and paid the taxes testified that by said return it was intended that the account in controversy be rendered for intangible tax purposes for 1957 and 1958. There is no evidence at variance with that above referred to. In view of the fact that the account in controversy was in the amount of $2,750 and in view of the further fact that plaintiff's agent testified that the account was in fact listed for taxation, we are of the opinion that the evidence clearly shows that the account was rendered for intangible tax purposes for the years 1957 and 1958 and that all intangible taxes levied thereon for said years were paid.

There remains for consideration the issue of whether payment of intangible taxes after the decision in No. 38,244 had been promulgated served to satisfy the provisions of Sec. 1515, supra. The pertinent provisions of the cited statute read as follows:

"In every action or suit in any court for the collection of any bond, note, account receivable, or other intangible personal property as defined in Section 1 of this Act, the plaintiff must allege and prove:

"That such intangible personal property sued upon has been assessed for taxation under the provisions of this Act for every tax year during which he was the owner of same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period, have been paid; * * *

"If the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

As we understand defendant's argument, she contends that since a plaintiff is required to allege and prove that "intangible property sued upon has been assessed for taxation" and that intangible taxes have been "paid" thereon, a plaintiff's action must be dismissed where it is shown that the intangible sued upon has not been assessed for intangible taxes and such taxes paid prior to institution of the suit.

Our decision in Mead v. Hellams, 205 Okl. 174, 236 P.2d 398, is dispositive of the issue presented by this appeal. There, as here, the original judgment was vacated on appeal (200 Okl. 381, 194 P.2d 603) because the record failed to show that the intangible sued upon had been assessed for intangible taxes and that the taxes thereon had been paid. The trial court was directed to conduct a hearing on said matter and if compliance with the Intangible Tax Law were shown, to enter judgment for the plaintiff, otherwise to dismiss the action. At the hearing held on said matter by the trial court, it was proved that subsequent to promulgation of the first decision, the intangible had been assessed for intangible taxes and the taxes paid. Following the hearing, judgment was entered for plaintiff. From said judgment defendant appealed. Defendant on said appeal urged that the evidence wholly failed to show timely compliance with the Intangible Tax Law and that for said reason the trial court was without jurisdiction to render judgment for plaintiff. In rejecting said contention, we said this:

"* * * There is no provision that compliance with the tax laws is a condition precedent to the bringing of such an action, or that failure of compliance in anywise affects the validity of the account sued on. In the pendency of such an action there is no limitation in statute as to when compliance with tax laws may or must be made, but proof of compliance is a condition precedent to the right to recover judgment.

"Herein, after vacation of the first judgment by this court, and upon remand of the cause, the case stood in the

trial court as an action pending, and with evidence already received in proof of the debt and the right of enforcement. In the further hearing with introduction of proof showing a compliance with the Intangible Tax Law, the trial court was fully authorized and required to render the judgment entered. For a case where there was similar first and second appeal, with intervening hearing and determination as to intangible tax compliance see Edmonds v. White, 203 Okl. 231, 219 P.2d 1007, and Edmonds v. White, 203 Okl. 645, 225 P. 2d 358."

The record in the instant case shows compliance with the Intangible Tax Law prior to rendition of the judgment appealed from. The appealed-from judgment accords with our directive in the first decision rendered herein.

Affirmed.