Loran SCOTT, Plaintiff in Error,

v.

OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, Inc., a corporation, Defendant in Error.

No. 40327.

Supreme Court of Oklahoma.

Jan. 14, 1964.

I. D. Ross and David Ross, of Ross & Ross, Newkirk, for plaintiff in error.

Melvin F. Pierce, Oklahoma City, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for defendant in error.

DAVISON, Justice.

The parties occupy the same relative positions here as they did in the trial court and will be referred to by name or as plaintiff and defendant. Loran Scott brought this action against Oklahoma Farm Bureau Mutual Insurance Company, Inc., to recover on an insurance policy issued by defendant to insure plaintiff against loss by reason of hail damage to plaintiff's wheat crop. Defendant's answer included allegations of counterclaim or setoff for the amount of the note given by plaintiff for the premium for the policy.

The cause came on for trial to a jury. At the close of plaintiff's evidence the trial court sustained defendant's demurrer thereto on the ground that the evidence was insufficient to show that proof of loss had been furnished by plaintiff, as required by the policy, or to show a waiver by defendant of such proof of loss. The trial court rendered a further judgment denying defendant's motion for a directed verdict in its favor for the amount due on the note on the ground that there was no allegation or proof that the intangible tax had been paid thereon. Both parties have perfected their appeals to this court.

We will first determine the matter of the insufficiency of the evidence to show grounds for recovery against the defendant. The policy was issued April 23, 1960, and

provided plaintiff should give written notice of any loss within 120 hours after the occurrence of such claimed loss, and within 60 days after the loss should render a signed and sworn proof of loss, and that the amount of loss would be payable 60 days after satisfactory proof of loss had been received. The testimony was that defendant furnished two printed postal cards to plaintiff at the time of the issuance of the policy. One side of the card set forth the name and address of the defendant and instructions that "this notice of loss" must be filled in and signed and mailed to defendant within 120 hours after the loss occurs; that should hail occur at harvest time, then proceed with harvest, but leave portions unharvested for the adjuster to determine the loss; and stated that defendant would do its best to have an adjuster see the crop from 5 to 10 days after the notice was mailed. The other side of the card was printed with blanks to be filled in to show the date and hour of the hail loss and the location of the crop and residence of plaintiff and the instruction "COMPLETE THIS SIDE AND MAIL TO HOME OFFICE." Plaintiff's evidence was that there was hail damage the latter part of May and the first part of June; that on each occasion, and within 120 hours after the damage, a card was filled out and signed and mailed to defendant, but no adjuster ever came; that on each occasion plaintiff was told by the local agent of defendant that an adjuster would come and that a few days after the last damage plaintiff called the home office of defendant in Oklahoma City and informed them the cards had been mailed and harvest time was near and was told an adjuster would call and not to worry, and to go ahead with the harvest and leave some unharvested spots. Plaintiff then harvested the wheat and left some spots for inspection. About the middle of October, after plaintiff received a letter demanding payment of the premium note, plaintiff stated he both called and went to the home office of the defendant and was informed an adjuster would contact him.

Plaintiff testified that at no time was he requested to make a formal proof of loss. By letter of October 31, 1960, the defendant informed plaintiff that, since no official notification of hail loss had been received, no consideration could be given the matter. No sworn proof of time or extent of loss was ever submitted to defendant. The action was filed April 26, 1961.

The question for determination is whether the trial court erred in holding, as a matter of law, that the evidence and all reasonable inferences to be drawn therefrom did not constitute a waiver of the requirement of a sworn proof of loss. In Hartford Fire Ins. Co. v. Smith, 141 Okl. 90, 284 P. 624, we stated:

"While slight evidence is sufficient to show waiver of policy provision regarding time of making proof of loss, the acts constituting such waiver should be such as are reasonably calculated to make insured believe that compliance therewith was not desired, and that it would be of no effect if requirements were observed by him."

Also in the cited case we quoted with approval as follows:

"'Waiver, though involving the intentional relinquishment of a known right, is a question of fact which may be established by direct evidence or by inference from all the surrounding circumstances.'"

In Continental Ins. Co. of New York v. Portwood, 184 Okl. 22, 84 P.2d 435, the trial court concluded as a matter of law that all of the evidence reflected a waiver of the requirement of proof of loss and directed a verdict in favor of plaintiff. In reversing the judgment with directions to grant a new trial this court held that the question of waiver is one of fact, which may be established by evidence of such facts and circumstances as would reasonably result in that conclusion, and that it is a question to be determined by the jury under proper instructions.

In Berbohn v. Pinkerton, 208 Okl. 242, 255 P.2d 260, we said:

"A demurrer to the evidence admits every fact which the evidence, in the slightest degree, tends to prove, and all inferences and conclusions which can be reasonably and logically drawn therefrom; and if there is a conflict in the evidence, that which is unfavorable to the party against whom the demurrer is directed is to be considered withdrawn."

■ Applying the principles of the above case to the evidence of the plaintiff, it appears that such evidence shows that plaintiff followed the instructions set forth on the cards and did mail the cards to defendant, and that plaintiff also orally informed defendant within 60 days that he had suffered a hail loss and had mailed the cards. The evidence shows that defendant not only informed plaintiff that adjusters would be sent, but also told plaintiff not to worry and instructed him to harvest the crop and leave spots for inspection. Defendant made no request for further information or proof of loss. We cannot say, as a matter of law, that the plaintiff's evidence failed to show a waiver of proof of loss. We think the evidence and the inferences to be drawn therefrom were sufficient to present a question for determination by the jury as to whether or not presentation of a formal and sworn proof of loss was waived.

It is our conclusion that the lower court erred in sustaining defendant's demurrer to plaintiff's evidence.

■ Defendant contends that plaintiff did not plead a waiver of proof of loss in his petition and that evidence to show a waiver was not admissible. Defendant cites Palatine Ins. Co. v. Lynn, 42 Okl. 486, 141 P. 1167, and other cases with similar holdings. These decisions are not in point. In the present case the evidence relative to waiver was introduced without objection on direct and cross-examination.

In Century Ins. Co., Limited, of Edinburgh, Scotland v. Rice, 193 Okl. 418, 144 P.2d 953, we held:

"Where, in a suit on a fire insurance policy, evidence tending to establish waiver of the requirement of proof of loss is introduced without objection, the pleadings will be considered as amended to conform to the proof and to present the issue of waiver."

See also Continental Ins. Co. v. Portwood, supra.

Under the circumstances this objection is not available to defendant.

■ Defendant also contends in support of the trial court's judgment that the evidence of mailing the notice of loss was insufficient to establish the fact of service. Defendant relies upon our decision in Great American Indemnity Co. v. Deatherage, 175 Okl. 28, 52 P.2d 827, in which we held that, because of the provisions of Sec. 10495, O. S.1931 (36 O.S.1951 § 14), proof of mailing notice of cancellation of the policy was insufficient to establish the fact of service of notice. That case is not in point because the above statute has been repealed (Session Laws 1957, pp. 408, 409, Sec. 5301) and also because, according to plaintiff's evidence, the addressed cards, so furnished by defendant, were mailed to defendant in accordance with the instructions set forth thereon. By furnishing such cards to plaintiff the defendant selected the mails as the means for giving notice.

In Midwestern Ins. Co. v. Cathey, Okl., 262 P.2d 434, we held that a notice of cancellation mailed to the insured at the address shown in the policy, as provided in the policy, was effective to cancel the policy although the insured never actually received the notice. See also Gilmore v. Grand Prix of Tulsa Corporation, Okl., 383 P.2d 231. We are of the opinion that where a policy of insurance against hail damage provides that written notice of loss shall be given the insurer within 120 hours after the damage and the insurer furnishes postal cards addressed to it for giving such notice, with

instructions thereon to fill in certain information and mail the same, that the performance of these acts by the insured is compliance with such notice requirements of the policy.

We now turn to the disposition of the matters raised in defendant's cross appeal. As stated above the trial court denied defendant's motion for judgment against plaintiff on the premium note on the ground that there was no allegation or proof of payment of Intangible Tax as required by 68 O.S.1961 § 1515.

It is urged by defendant, and we think correctly so, that under the provisions of said Sec. 1515, as interpreted by this court, that in the absence of such allegation and proof the proper order of the court would have been to dismiss the cross petition on the premium note without prejudice. Waters v. Rushing, 194 Okl. 306, 151 P.2d 423, and Craft v. Bates, Okl. 372 P.2d 10. The record does not reflect that defendant offered to supply such allegation or proof. However, the defendant contends on authority of the Craft case, supra, that this court ordinarily gives a party in the position of defendant an opportunity to make the required proof in the trial court and that it stands ready to furnish this evidence. But this is not a situation where only lack of compliance with the Intangible Tax statute, supra, stands in the way of a judgment for defendant on the note. We are reversing the judgment that was adverse to plaintiff and remanding the matter for a new trial on the issue of plaintiff's damages and there remains the matter of the note obligation as an offset to such damages, if any.

In view of these circumstances the judgment of the trial court denying defendant's motion for judgment is reversed. This will leave the parties in the status they occupied prior to the trial and an opportunity to act in such manner as may be proper.

The judgments of the trial court are reversed and the cause is remanded with instructions to grant a new trial on all phases of the case in accordance with the views herein expressed.