FIDALGO ISLAND PACKING COM-
PANY, a corporation, Plaintiff,

v.

A. B. PHILLIPS, Executive Director,
Employment Security Commission
of Alaska, Defendant,

Clara Wilson, Intervenor.

No. A–6865.

District Court Alaska,
First Division, Juneau.

March 14, 1957.

H. L. Faulkner, of Faulkner, Banfield
& Boochever, Juneau, Alaska, for plain-
tiff and intervenor.

Edward A. Merdes, Asst. Atty. Gen., and Dickerson Regan, Associate Counsel, Juneau, Alaska, for defendant.

KELLY, District Judge.

This matter comes before the Court upon the petition of defendant for a rehearing upon the question of allowance of attorney fees in any way from moneys now in or required to be deposited in Alaska's account in the unemployment trust funds, including money heretofore impounded in this action. The defendant admits in its petition that it did not fully advise the Court on the law as it would apply to a requirement that the defendant deduct a percentage of each claim in this action and pay the same over to plaintiff's attorney as compensation for the services rendered in procuring the benefits for all these claimants under the "salvage" theory. This theory, as argued by counsel for plaintiff at the hearing, would not conflict with the sovereign's immunity from the payment of costs and taxable attorney fees. Counsel for defense did not argue against this proposal of plaintiff's counsel at the former hearing and mentioned only briefly in his memorandum filed in connection therewith that the law required that all moneys withdrawn from the unemployment trust fund must be used exclusively for the payment of benefits and refunds, so in effect the question here involved is now before the Court for the first time.

■ Rehearing was granted and on the argument counsel for plaintiff pointed out that Sec. 762 of the Employment Security Act of the Extraordinary Session Laws of Alaska 1955, c. 5, authorizes the Court to designate attorney fees. It should be pointed out that the provisions of the Act as amended in 1955 are applicable on the question of attorney fees, notwithstanding the fact that the substantive rights of the parties were governed by the law as it existed when the controversy arose. See Hogan v. Ingold, 1952, 38 Cal.2d 802, 243 P.2d 1, 32 A.L.R.2d 834; Igoe Bros. v. National Surety Co., 112 N.J.L. 243, 169 A. 841, 96 A.L.R. 1428.

Section 762 provides in part as follows:

"Limitation of Fees. No individual claiming benefits shall be charged fees of any kind in any proceeding under this Act by the Commission or its representatives, or by any court or any officer thereof. Any individual claiming benefits in any proceeding before the Commission or its representatives or a court may be represented by counsel or other duly authorized agent; but no such counsel or agent shall either charge or receive for such services more than an amount approved by the Commission or the Court. * * * "

It would surely seem that the authorization of attorney fees by the Court as well as the Commission is contemplated in appeals by individual claimants from decisions of the Commission, but in the present case, the Fidalgo Island Packing Co. cannot be considered as a claimant within the meaning of the statute, since it merely sought an injunction forbidding the enforcement of amended regulation 10.

■ This Court, in the Opinion filed herein on January 21, 1957, and to which reference is hereby made, held that provisions for interest or costs in a case against the sovereign must be provided for specifically in a statute; that there is no provision for anything in addition to unemployment benefits in Alaska's Employment Security Act in effect at the time this action arose and that the Director and the Commission were clothed with the sovereignty of the Territory of Alaska and that no interest could be awarded nor could attorney fees as costs be allowed.

The Court then went on in that Opinion to hold on the basis of plaintiff's brief and arguments at the hearing that under the "salvage" doctrine, attorney fees should be awarded from the funds which were recovered for each claimant and although it is well settled that in class suits attorneys would be entitled to

receive their compensation in that manner, the Court is compelled to change its holding on this particular matter because Section 763 of the Alaska Employment Security Act, supra, provides as follows:

"Exemption of Benefits. Any assignment, pledge, or encumbrance of any rights to benefits which are or may become due or payable under this Act shall be void; and such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt; and benefits received by any individual, *so long as they are not mingled with other funds of the recipient*, shall be exempt from any remedy whatsoever for the collection of all debts except debts incurred or necessities furnished to such individual or his spouse or dependents during the time when such individual was unemployed. Any waiver of any exemption provided for in this section shall be void." (Emphasis supplied.)

It seems to the Court that the important provision of this section, so far as this hearing is concerned, is the following:

"* * * so long as they are not mingled with other funds of the recipient."

Until the funds become so mingled, the exemptions listed in Sec. 763, supra, preclude the impressing of the benefits due the claimants with any lien whatsoever. These funds have not been so mingled and cannot be until they have been actually paid over to each claimant. This Court was therefore incorrect in holding that the "salvage" theory as advanced by plaintiffs could apply to unemployment compensation benefits.

■ The legislature has determined that although the Court may decide what is a just attorney fee, the social purpose of the Employment Security Act would be impaired if the attorney fee were to constitute a lien upon the benefits. The Court has no choice but to take the law as it finds it. It is clear that the allowance of attorney fees as ordered by this Court is forbidden by the statute, and accordingly the decree of January 21, 1957, must be modified to that extent.

■ Counsel for plaintiff presented very potent arguments based on the extensive power of an equity court and correctly observed that the equitable maxim that "equity follows the law" is more honored in the breach than the observance. However, the maxim quoted is strictly applicable whenever the rights of the parties are clearly defined and established by statute, and courts of equity cannot disregard statutory provisions any more than courts of law. Whenever the rights of the parties are clearly governed by rules of law, courts of equity will follow such legal rules.

Defendant also files in connection with this hearing a Motion for Order of Abatement in which the defendant moves for an Order declaring the above-entitled action abated for the reason that the defendant, A. B. Phillips, who was Executive Director of the Employment Security Commission of Alaska, resigned said office April 15, 1955. Defendant admits that the Court recognized this action as one against the sovereign, the Territory of Alaska, but claims that under Rule 25(d), Fed.Rules Civ.Proc. 28 U.S.C.A., an action is abated when six months expire after the resignation of an individual officer of the sovereign without substitution of a successor as defendant. This question, likewise, is raised for the first time at this hearing.

■ This Court feels, however, that it is not within its province at this time to consider this question, as this entire proceeding is before us on a mandate of the 9th Circuit Court of Appeals, 230 F.2d 638, 238 F.2d 234. I feel that it is the duty of this Court to enter a decree in conformity with the appellate court's mandate, and to do nothing contrary to it or vary it in any way. In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; Clarke v. Hot Springs Electric Light & Power Co.,

10 Cir., 76 F.2d 918, certiorari denied, 296 U.S. 624, 56 S.Ct. 147, 80 L.Ed. 443.

A distinction must be made between the requested declaration of abatement and our former action of allowing attorney fees. It is well settled that the trial court may consider the question of attorney fees when acting upon the mandate of an appellate court, if such discretion is expressly or impliedly conferred in the mandate. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184. While the consideration of attorney fees is a collateral proceeding, the matter of abatement directly involves the validity of the mandate, and it cannot be considered without leave of the Court of Appeals. See In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994.

Motion for Order of Abatement is denied. Order reinstating Judgment on the Mandate, without interest, costs, or attorney fees, may be presented in accordance with this opinion.