NUCOR CORPORATION, Appellant,

v.

TENNESSEE FORGING STEEL
SERVICE, INC., et al.,
Appellees.

No. 74–1718.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1975.

Decided April 2, 1975.

Ernest S. DeLaney, Jr., Charlotte, N. C., for appellant.

William Sutton, Little Rock, Ark., for appellees.

Before GIBSON, Chief Judge, and HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

This matter is before us for a second time. When it was first here, Nucor challenged the refusal of the District Court to enjoin the defendants from using architectural plans owned by Nucor. On the basis of the record, as then developed, we held that Nucor's architectural plans for its Grapeland plant were protected by common law copyright, and that the plans drawn for the defendant Tennessee Forging, by a Gene Klettner King, infringed upon that copyright. We also held that William R. White, a former employee of Nucor, had breached an implied duty not to disclose confidential information to a competitor. In addition, we found that the defendant Charles N. Munn, the President of Tennessee Forging, may have been a knowing and active participant in the scheme to obtain the Grapeland plans; accordingly, we refused to sustain the District Court's dismissal of the action with respect to him.

In remanding the cause as to each defendant to the District Court, we said:

* * * [I]t is clear that Nucor has been wronged and that the defendants, White and Tennessee Forging, have benefited from this wrong, it is appropriate that Nucor be afforded the following relief:

(1) That the defndants be permanently enjoined from making further use of Nucor's Grapeland plans, and that they be required to return the Grapeland plans to Nucor.

(2) That Nucor be permitted to amend its complaint to claim damages from the defendants for the fair value of the Grapeland plans, and that it be permitted to prove its damage in an appropriate proceeding.[1]

Nucor Corp. v. Tennessee Forging Services, Inc., 476 F.2d 386, 393 (8th Cir. 1973).

On remand, Nucor amended its complaint to seek relief of $9,284,770 in actual damages and $1,000,000 in punitive damages. It did so on the theory that it was entitled to, not only the fair value of the Grapeland plans, but also the investment value of those plans. Nucor argued that the use of the plans by Tennessee Forging enabled the latter to realize capitalized savings in manufacturing costs of $1,065,000. In response to this new theory of recovery, the defendants introduced evidence that neither the Grapeland plans nor the infringing King plans had been used to complete the construction of the Hope plant. Their evidence was that a third set of architectural plans, prepared by a Roy Weaver, had been used for this purpose.[2] On the basis of this testimony, the defendants argued that they were not benefited by their infringement of the Grapeland plans, and, therefore, Nucor was entitled to no damages. The defendants requested and received an instruction to the jury requiring it to award only those damages proximately resulting from their use of the Grapeland plans. On the basis of this instruction, the jury returned a verdict of no damages. Nucor assigns the admission of this testimony of nonuse of the Grapeland plans and the proximate cause instruction as error. It argues that the issue of use of the Grapeland plans was finally determined by our mandate in the first appeal and could not be relitigated on remand.

1. Because the construction of the Hope plant was completed before our decision, we were unable to give injunctive relief. Believing that Nucor was entitled to damages, we remanded for that purpose.

2. The first trial was completed on March 2, 1972. At that time, Tennessee Forging had started the construction of the Hope plant, using the infringing King plans. The footings for the plant had been laid, the bids to contractors had been let, and Roy Weaver had been employed to draw the steel detailing for the plant.

Weaver had completed 95% of this steel detailing when, he testified, he was contacted by William White, approximately two weeks after the first trial, and told to redesign and redetail the Hope plant without the aid of the King plans. Weaver stated that he complied with White's request, completing the "new" plans within two to three weeks. This third set of architectural plans was drawn while the first trial was on appeal, and when the defendants were vigorously arguing their right to copy the Grapeland plans. The Hope plant was completed and in production by June, 1972.

Our decision on the first appeal finally determined that each of the defendants had used the Grapeland plans, and that the defendants White and Tennessee Forging, and potentially the defendant Munn, were liable to Nucor for the fair value of those plans. As to these issues, the District Court was bound by the doctrine of the law of the case.

> When a case has been decided by this court on appeal and remanded to the District Court, every question which was before this court and disposed of by its decree is finally settled and determined. The District Court is bound by the decree and must carry it into execution according to the mandate. It cannot alter it, examine it except for purposes of execution, or give any further or other relief or review it for apparent error with respect to any question decided on appeal * * *.

Thornton v. Carter, 109 F.2d 316, 319–320 (8th Cir. 1940).

*See* Richardson v. Communications Workers of Amer., AFL-CIO, 486 F.2d 801, 804 (8th Cir. 1973); Cherokee Nation v. State of Oklahoma, 461 F.2d 674, 677–678 (10th Cir.), cert. denied, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489 (1972); Banco Nacional de Cuba v. Farr, 383 F.2d 166, 177 (2nd Cir. 1967), cert. denied, 390 U.S. 956, 88 S.Ct. 1038, 20 L.Ed.2d 1151 (1968); Paull v. Archer-Daniels-Midland Company, 313 F.2d 612, 618 (8th Cir. 1963); 6A Moore's Federal Practice, ¶ 59.16 (1974). It, therefore, was the duty of the District Court, with respect to these issues, to instruct the jury that: (1) the defendants White and Tennessee Forging were liable to Nucor for the fair value of the Grapeland plans,[3] and (2) the defendant Munn was liable to Nucor for the fair value of the Grapeland plans if he was a knowing and active participant in the scheme to obtain those plans.[4] The failure to so instruct the jury was error.[5]

The issue of whether Nucor was entitled to recover damages in addition to the fair value of the Grapeland plans was not submitted to us on the first appeal, and, as to it, the doctrine of the law of the case is inapplicable. *See* Strimling v. Stone, 194 F.2d 920, 921 (8th Cir. 1952); Hansen & Rowland v. C. F. Lytle Co., 167 F.2d 998, 999 (9th Cir. 1948); Western Fire Ins. Co. v. University City, 124 F.2d 698, 700 (8th Cir. 1942); Jones v. St. Paul Fire and Marine Ins. Co., 108 F.2d 123, 125 (5th Cir. 1939); 3 Moore's Federal Practice ¶ 15.11 (1974). Nucor was, therefore, free to amend its complaint to seek additional relief for damages occurring subsequent to our prior decision, see Texarkana v. Arkansas Louisiana Gas Co., 306 U.S. 188, 203, 59 S.Ct. 448, 83 L.Ed. 598 (1939), and the defendants could respond thereto. The issue of whether the use of the Grapeland plans proximately resulted in lower manufacturing costs to the defendants was properly put to the jury on the second trial. Its determination that the defendants were not so benefited by their use of the Grapeland plans is binding on the parties.

Because the proceedings on remand were not in conformity with our prior decision, we must again remand the cause to the District Court.[6] On re-

---

**3.** "Fair value" is the market value of the architectural plans. *See* Ashworth v. Glover, 20 Utah 2d 85, 433 P.2d 315, 320 (1967); Taft v. Smith, Gray & Co., 76 Misc. 283, 134 N.Y.S. 1011 (1912). Nucor is not entitled to that portion of the market value normally allocable to architectural supervision during construction. *See* Edgar H. Wood Associates, Inc. v. Skene, 347 Mass. 351, 197 N.E.2d 886, 896 (1964).

**4.** The Arkansas Supreme Court has said:

> * * * [O]ne who knowingly aids, encourages or cooperates with a fiduciary in the breach of his duty becomes equally liable with such fiduciary. * * *

Raines v. Toney, 228 Ark. 1170, 313 S.W.2d 802, 810 (1958) (Citations omitted).

**5.** We find no merit to the defendants' argument that Nucor failed to request damages for the fair value of the Grapeland plans. The testimony at trial revealed that the plans had a fair value of between $4,000 and $500,000.

**6.** In the light of our disposition of this appeal, it is unnecessary to consider Nucor's remaining assignments of error: (1) whether the Dis-

mand, Nucor shall be allowed to prove the fair value of the Grapeland plans and the liability of the defendant Munn.

The judgment of the District Court is affirmed in part, reversed in part, and remanded to the District Court for further proceedings consistent with this opinion.

Costs will be taxed to the appellees.

trict Court erred in denying Nucor's motion for a new trial, and (2) whether the District Court erred in dismissing Nucor's complaint while a motion for a contempt citation and remedial order was pending.