Earl L. KING and R. J. Cherrier,
Appellants,

v.

ALASKA STATE HOUSING AUTHORI-
TY, a Public Corporation, Appellee.

No. 3052.

Supreme Court of Alaska.

Dec. 2, 1977.

H. Russell Holland, Holland & Thornton, Anchorage, for appellants.

Clifford J. Groh, Michael W. Price, Groh, Benkert & Walter, Anchorage, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, and MATTHEWS, JJ.

OPINION

MATTHEWS, Justice.

This case is here for the second time. Since the meaning of our opinion and mandate on the first appeal[1] is at issue, we recount the pertinent facts. Appellants proposed to buy and build on certain land owned by Alaska State Housing Authority (ASHA). ASHA rejected this proposal and accepted a competing one from J. L. Johnston. Appellants filed suit against ASHA and Johnston on May 25, 1971 seeking to enjoin ASHA from conveying the land to Johnston and to have themselves declared entitled to purchase it. At the close of appellants' case, the court granted defendants' motion for dismissal and entered judgment accordingly. Appellants appealed. Meanwhile, ASHA consummated the sale of the property to Johnston.

At oral argument before this court, appellants stated that should this case be remanded to the superior court they would have to amend their complaint to seek damages. We remanded the case, finding that appellants had established a prima facie case of abuse of discretion by ASHA in its evaluation of their redevelopment proposal.[2] Our mandate stated:

> The decision of the Superior Court is vacated and this case remanded for completion of the trial proceedings in accordance with the [opinion]. 512 P.2d at 896 (footnote omitted)

On remand, appellants moved to amend and supplement their complaint. It is this action, and subsequent proceedings, which are the subject of the present appeal.

Superior Court Judge Ripley granted appellants' motion to amend and supplement their complaint. The new complaint deleted the prayer for declaratory and injunctive relief and asked for damages and for "such other or further non-monetary relief as the Court deems just". The damage claim was predicated on theories that ASHA had "negligently and wrongfully" evaluated plaintiffs' proposal and had deprived them of a right to property without due process. The complaint also contained supplementary material, which included an allegation of the consummation of the sale.

ASHA filed its amended answer and moved for judgment on the pleadings. It argued that the superior court lacked jurisdiction to consider the issues raised in the amended complaint because to do so would exceed the scope of our mandate. Superior Court Judge Carlson granted ASHA's motion and ordered that the suit be dismissed with prejudice.

Appellants contend that this court's mandate was not so limited as to preclude the superior court from allowing the filing of the amended and supplemental complaint or from adjudicating the issues there raised. We agree.

■ Where an appellate court issues a specific mandate, the general rule is that a trial court has no authority to deviate from it. *State v. Salinas*, 362 P.2d 298, 301 (Alaska 1961); *Cleary v. State*, 564 P.2d 374, 377 (Alaska 1977); *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403, 1405 (1948); *Britton v. Dowell, Inc.*, 243 F.2d 434, 434–435 (10th Cir. 1957); *Fidalgo Island Packing Company v. Phillips*, 149 F.Supp. 260, 262, 16 Alaska 689 (D. Alaska 1957). Such a mandate may be issued where the appellate court has determined the merits of a claim and the sole remaining task of the trial court is to enter judgment.[3] Also, an appellate court may

1. *King v. Alaska State Housing Authority*, 512 P.2d 887 (Alaska 1973).

2. *Id.* at 895–96.

3. *Gibbons v. Brandt*, 181 F.2d 650 (7th Cir. 1950); *See Briggs v. Pennsylvania R. Co., supra; Troxel Manufacturing Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973).

deem it appropriate to direct the trial court to determine one particular issue and enter judgment accordingly [4] or to limit the proceedings to the taking of specific evidence and then to enter judgment.[5]

▮ Our mandate was not of a specific nature. The case was remanded to the superior court "for completion of the trial proceedings in accordance with the [opinion]." [6] In our opinion, we found that several of appellants' theories were not valid, but that they had established a prima facie case of abuse of discretion. On remand, the superior court could not alter our decision; however, it could take action which was not inconsistent with our decision. The amended and supplemental complaint does not attempt to revive the theories which we determined adversely to appellants. It is based primarily on the same underlying facts on which appellants had made a prima facie case of abuse of discretion and does not conflict with our previous decision.

▮ The question whether the amended and supplemental complaint should have been allowed was within the discretion of the superior court. *Estate of Thompson v. Mercedes-Benz, Inc.*, 514 P.2d 1269, 1271 (Alaska 1973). An amended or supplemental complaint may be permitted during trial, or during trial proceedings, if the requirements of Civil Rule 15 are met. The fact that the case had once been partially tried, appealed, and remanded did not deprive the superior court of power to permit the amendment. *Nucor Corp. v. Tennessee Forging Steel Service, Inc.*, 513 F.2d 151, 153 (8th Cir. 1975); *R. E. B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975). *Accord, Texarkana v. Arkansas Louisiana Gas Co.*, 306 U.S. 188, 203, 59 S.Ct. 448, 455, 83 L.Ed. 598, 607–608 (1939).

▮ ASHA suggests that the superior court abused its discretion in allowing the filing of the amended and supplemental complaint. We do not agree. As we have said, the claim for damages is based on the same fundamental facts as those alleged in the original complaint. The sale and development of the property during the pendency of this appeal required some change in the relief sought because the remedy of injunction was no longer available. Appellants chose not to seek rescission, believing that remedy to be barred by practical considerations. The only claim of prejudice made by ASHA was that too much time had passed between the filing of the original complaint and appellants' motion to amend and that ASHA would have difficulty ascertaining the truth concerning damages. The lapse of time, two years and eight months, was a proper factor for consideration, but it was not so great as to be necessarily dispositive. No specific claim was made that the passage of time would be harmful because an important witness was unavailable or evidence had otherwise been lost. Further, appellants' delay in seeking the amendment was less than three months.[7] Under these circumstances, we find no abuse of discretion.

We remind the parties that at the trial the burden will be on ASHA to show that its staff's evaluation errors mentioned in our first opinion did not materially affect the ASHA board's decision.[8] On the other issues, the burden of proof has not shifted. We do not decide whether a claim for damages may be properly maintained if ASHA is found to have acted negligently or to have abused its discretion, as those questions were not presented.

REVERSED.

---

**4.** *Britton v. Dowell, Inc., supra.*

**5.** *See Franklinville Realty Co. v. Arnold Construction Co.*, 132 F.2d 828 (5th Cir. 1943).

**6.** This mandate may be contrasted with the specific terms of the mandate in *Britton, supra*:
·The judgment below is vacated and the cause is remanded to the trial court with directions to determine compliance or non-compliance with the Oklahoma intangible property tax

law and to enter judgment in accordance with such determination.
*Britton v. Dowell, Inc.*, 243 F.2d 434 (10th Cir. 1957), *citing Britton v. Dowell, Inc.*, 237 F.2d 630, 632 (10th Cir. 1956).

**7.** Our mandate was filed in the Superior Court on August 17, 1973. The motion to amend was filed November 7, 1973.

**8.** *King v. Alaska State Housing Authority, supra*, at 895–896.