WILLIAM SETTERLUND *vs.* GROTON-DUNSTABLE REGIONAL
SCHOOL COMMITTEE.

Middlesex. November 5, 1980. — January 20, 1981.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Contract*, Collective bargaining contract. *School and School Committee*,
    Salaries of tenured personnel, Termination of employment. *Words*,
    "Dismissal."

A reduction in the salary of a tenured teacher whose position had been
    changed from full-time to half-time did not violate the provisions of
    G. L. c. 71, § 43, where the teacher, through his collective bargaining
    representative, had consented to a proportional salary for part-time
    teachers. [329-331]
A tenured teacher whose position was reduced from full-time to half-time
    was "dismissed" for purposes of claiming entitlement to the procedural
    protection afforded by G. L. c. 71, § 43A. [331-332]


CIVIL ACTION commenced in the Superior Court Depart-
ment on July 18, 1979.

The case was heard by *Linscott*, J., on a motion to dismiss
and a motion for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Brian A. Riley* for the plaintiff.

*Henry G. Stewart* for the defendant.

HENNESSEY, C.J.    The plaintiff appeals from judgments
of a Superior Court judge dismissing count 1 of his com-
plaint, in which the plaintiff alleged that he had been
dismissed from his full-time teaching position and reas-
signed to a half-time position in violation of G. L. c. 71,
§ 42, and granting summary judgment for the school com-
mittee (the committee) on count 2 of the complaint, in
which the plaintiff sought a declaration that his salary had
been reduced in violation of G. L. c. 71, § 43. We hold

that summary judgment was correctly granted on count 2 but that count 1 was erroneously dismissed.

The plaintiff is a tenured teacher in the art and related arts department at the Groton-Dunstable Regional High School. He has been continuously employed there since 1968. In May, 1979, he was notified by the superintendent of schools that the superintendent would soon recommend to the committee that the plaintiff's teaching position be reduced from full-time to half-time for the 1979-1980 school year. The stated reasons for this were "staff cuts, tax cut legislation, budgetary problems and program needs." The record does not show how the plaintiff was selected for this reduction from among the four, full-time tenured art teachers, although we were informed at oral argument that he was not the teacher with the least seniority. The complaint alleges that the action of the committee was "arbitrary, capricious and unjustified." The plaintiff objected to this reduction, stating in a letter to the committee that the accompanying salary reduction[1] was prohibited by G. L. c. 71, § 43, and requesting a hearing pursuant to G. L. c. 71, § 43A. A hearing was held, and the committee voted to accept the superintendent's recommendation. The plaintiff then filed his complaint seeking, inter alia, a hearing in Superior Court pursuant to G. L. c. 71, § 43A, reinstatement to his full-time position, and a declaration that his salary had been reduced without his consent. The judge below held, in effect, that the plaintiff's salary was not reduced in violation of G. L. c. 71, § 43, and that he was not entitled to a hearing because he was not "dismissed," as that term is used in G. L. c. 71, § 42. We first discuss whether the decrease in salary paid to the plaintiff violates G. L. c. 71, § 43.

General Laws c. 71, § 43, as amended through St. 1972, c. 464, § 4, provides in part that "[t]he salary of no teacher employed . . . at discretion shall be reduced without his consent except by a general salary revision affecting equally

---

[1] Plaintiff's salary as a full-time teacher in 1979-1980 would have been $17,473. He received half of this amount for his half-time services.

all teachers of the same salary grade." The committee urges us to construe "reduce" as meaning reduction in rate of pay. The plaintiff contends that "reduce" means reduction in amount of pay. We see no reason to resolve this particular dispute since the statute provides that, in either event, consent to the reduction in salary removes the reduction from the statutory prohibition. It is clear that the plaintiff, through his collective bargaining representative, has consented to a proportional salary for part-time teachers.[2] *Moen* v. *Director of the Div. of Employment Security*, 324 Mass. 246, 249-250 (1949). G. L. c. 150E, §§ 5, 6. The rate of pay for part-time teachers is a purely economic matter. As such it is within the scope of G. L. c. 150E, § 6, and may be the subject of collective bargaining. We do not read the requirement of G. L. c. 71, § 43, that the board obtain consent prior to reducing salaries, as requiring individual consent in all cases.[3] In the absence of an explicit legislative statement establishing an exception to the general rule, such individual consent is required only for the exercise of personal rights, as opposed to the collective consent appropriate for the exercise of merely economic rights. Cf. *School Comm. of Brockton* v. *Massachusetts Commission Against Discrimination*, 377 Mass. 392, 399 (1979); *Alexander* v. *Gardner-Denver Co.*, 415 U.S. 36, 51 (1974). The

---

[2]The collective bargaining agreement between the school committee and the Groton-Dunstable Educator's Association provides that "[p]art-time teachers will be paid on a pro-rated basis, having been placed on the appropriate step of the Salary Schedule in the same manner as full-time teachers." The plaintiff's salary was reduced in accordance with this contractual provision.

[3]The plaintiff claims that "the concept of tenure is meaningless if a committee can reduce a teacher's salary in lieu of dismissal." We think that, consistent with G. L. c. 71, § 43, and c. 150E, § 6, a tenured teacher may have his salary reduced in only two situations: (1) if, as here, he is subject to a collective bargaining agreement, it may be reduced in accordance with the agreement; (2) if he is not subject to a collective bargaining agreement, he must individually consent to a reduction. We think that these conditions, in addition to our holding that the plaintiff has been "dismissed" and is entitled to review in Superior Court, adequately protect the plaintiff's tenure rights.

plaintiff may be legitimately disturbed by being made a part-time teacher, but he may not now complain about the rate at which those teachers are paid.

The plaintiff contends that his reduction from full-time teacher to part-time teacher is sufficient "dismissal" to entitle him to review of the committee's action in the Superior Court. General Laws c. 71, § 43A, as appearing in St. 1975, c. 337, provides that "[a]ny teacher . . . employed at discretion . . . who has been dismissed, demoted or removed from a position by vote of a school committee under the provisions of [G. L. c. 71, §§ 42, 42A or 63] may . . . appeal therefrom to the superior court." If the teacher falls within this description,[4] he is entitled to review. The committee urges us to construe "dismissal" as meaning complete separation from employment, while the plaintiff claims that his reduction to part-time teacher is sufficient to trigger the statutory protection afforded tenured teachers in G. L. c. 71, § 43A. We agree with the plaintiff.

It has been held that a complete separation from the schools is a "dismissal," *Nutter* v. *School Comm. of Lowell*, 5 Mass. App. Ct. 77 (1977), although this is not the exclusive definition of "dismissal." We have held, for example, that for a teacher to be "dismissed" he need not be wholly banished from the school system, it being sufficient if he is excluded from the job or category of teacher. *Black* v. *School Comm. of Malden*, 365 Mass. 197, 204 (1974). For purposes of claiming entitlement to the procedural protection afforded by G. L. c. 71, § 43A, we think that a tenured teacher who is reduced to part-time employment without his consent has been "dismissed." "[T]o be consistent with the purpose of the School Code the words ["removed" or "dismissed"] must encompass *any* reduction in the extent of employment. The tenure provisions of the School Code were intended to protect experienced and veteran teachers against capricious, fickle and irregular ex-

---

[4]The plaintiff has consistently characterized the committee's action as a dismissal. We do not discuss the difference in consequences, if any, if he were to characterize it as a "demotion" or "removal."

ploits of school boards. . . . And limiting the application of 'removed' or 'dismissed' to instances of complete termination would — as a practical matter — totally obliterate the protection intended by the statute. If this were the case, a board could merely nibble away and reduce one's employment until economic necessity forced the tenured teacher to resign. Such interpretation cannot be sanctioned." *Caviness* v. *Board of Educ.* 59 Ill. App. 3d 28, 31 (1978). We find this reasoning persuasive.

The judgment dismissing count 1 of the complaint is reversed, and the case is remanded to Superior Court for further proceedings consistent with this opinion. The summary judgment on count 2 in favor of the committee is affirmed.

*So ordered.*