17 Mass. App. Ct. 283                                    283

Lehmann v. Upper Cape Cod Regional Vocational Technical School District Committee.

FREDERICK W. LEHMANN vs. UPPER CAPE COD REGIONAL
VOCATIONAL TECHNICAL SCHOOL DISTRICT COMMITTEE.

Barnstable. November 10, 1983. — December 20, 1983.

Present: BROWN, CUTTER, & KASS, JJ.

*School and School Committee*, Salaries of tenured personnel.

A school committee's dismissal of a full-time tenured teacher, and its re-
    hiring of the teacher for the following academic year on a part-time
    basis and at a lower salary, were to be viewed as a single transaction,
    and thus were violative of G. L. c. 71, § 43, because the procedure
    accomplished an unconsented-to salary reduction, and did not do so in
    accordance with the applicable collective bargaining agreement.
    [284-285]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 25, 1980.

The case was heard by *Rutledge*, J.

The case was submitted on briefs.

*Joseph A. Emerson & Robert P. Dolbec, Jr.*, for the de-
fendant.

*Brian A. Riley* for the plaintiff.

BROWN, J. In this action brought under G. L. c. 71, § 43A,
seeking a declaratory judgment, the plaintiff alleged that
the defendant school committee violated G. L. c. 71, § 43,
as amended through St. 1972, c. 464, § 4, when it reduced
the plaintiff's salary in the 1980-1981 school year. The de-
fendant now appeals from a judgment entered in favor of
the plaintiff.

The plaintiff was appointed to a teaching position on
April 9, 1969, as an instructor in the Metals Program. He
began to serve at discretion (on tenure) on September 5,
1973. In July of 1977, the defendant voted to phase out the
Metals Program and the plaintiff was subsequently dismissed

as a full-time instructor in July, 1980. He was reassigned (apparently at the same meeting at which his dismissal was approved finally) to "the part-time instructor's position in the Metals Program effective September, 1980, at a prorated salary" of $11,720.00. In the prior school session, 1979-1980, the plaintiff's salary had been $17,423.00. The plaintiff did not consent to this reduction nor did any other full-time teacher have his or her salary reduced during this period.

The judge's findings of fact amply support his conclusions of law and the judgment for the plaintiff. With the exception of "a general salary revision affecting equally all teachers of the same salary grade in the town" (G. L. c. 71, § 43), "a tenured teacher may have his salary reduced in only two situations: (1) if, as here, he is subject to a collective bargaining agreement, it may be reduced in accordance with the agreement; (2) if he is not subject to a collective bargaining agreement, he must individually consent to a reduction." *Setterlund* v. *Groton-Dunstable Regional Sch. Comm.*, 382 Mass. 328, 330 n.3 (1981). The defendant maintains that the present case is distinguishable from *Setterlund* because here the plaintiff was validly dismissed from his full-time position prior to being rehired as a nontenured, part-time instructor.

The defendant seems to elevate form over substance. The fact situation is analogous to those instances where courts, in reviewing certain Internal Revenue Service matters, have applied the so-called "step transaction" doctrine. "The objective of that doctrine is to give . . . effect to the substance, as opposed to the form of a transaction, by ignoring . . . steps of an integrated transaction that separately are without substance." *Dietzsch* v. *United States*, 498 F.2d 1344, 1346 (Ct. Cl. 1974). In determining whether to apply this doctrine the courts have looked to whether "purportedly separate transactions [can] be amalgamated into a single transaction . . . intended from the outset to be taken for the purpose of reaching the ultimate result." *King Enterprises, Inc.* v. *United States*, 418 F.2d 511, 516-517 (Ct. Cl. 1969). The ultimate result and purpose of the defendant's actions

were to reduce the plaintiff's salary. The reduction occurred without the consent of the plaintiff and was not made pursuant to the terms of any collective bargaining agreement. This was a violation of G. L. c. 71, § 43.

*Judgment affirmed.*