CYNTHIA TUCKER *v.* BOARD OF EDUCATION
OF THE TOWN OF NORFOLK
(2936)

HULL, SPALLONE and DALY, Js.

Argued March 6—decision released May 21, 1985

*Martin A. Gould,* for the appellant (plaintiff).

*Thomas N. Sullivan,* for the appellee (defendant).

HULL, J. The plaintiff, a tenured teacher, filed this third appeal in the same dispute with the defendant board of education, claiming that the trial court, *L. Dorsey, J.,* erred in dismissing her appeal from a three year suspension as a teacher, on the ground that the plaintiff could not appeal under General Statutes § 10-151 (f)[1] since she was suspended rather than terminated from her employment. In accordance with *Tucker* v. *Board of Education,* 177 Conn. 572, 418 A.2d 933 (1979) *(Tucker I),* and *Tucker* v. *Board of Educa-*

---

[1] General Statutes § 10-151 (f) provides in pertinent part: "Any teacher aggrieved by the decision of a board of education after a hearing as provided in subsection (d) of this section may appeal therefrom . . . to the superior court."

General Statutes § 10-151 (d) provides the procedure for the termination of a tenured teacher for any of six reasons.

*tion,* 190 Conn. 748, 462 A.2d 385 (1983) *(Tucker II),* we find no error in the court's judgment dismissing the plaintiff's appeal.

A brief history of this lengthy litigation will suffice. The plaintiff was employed as a teacher from 1971 to 1976 when her employment was terminated, after a hearing under General Statutes § 10-151 (b), for insubordination in taking a four day leave of absence despite having been denied permission to do so. The termination was reversed on appeal to the Court of Common Pleas. The defendant appealed to the Supreme Court which concluded that, although the plaintiff was insubordinate in her conduct, "the drastic disciplinary action of dismissal constituted exceedingly excessive punishment for the plaintiff's misconduct, and an abuse of discretion, especially in the light of the plaintiff's excellent and unblemished school record as a capable, dedicated teacher." *Tucker I,* supra, 581–82. The Supreme Court reversed the trial court's judgment and ordered the case returned to the board for the imposition of a penalty consistent with the views expressed in its opinion.

On June 4, 1979, the defendant met to consider the plaintiff's case on the basis of the record of the February 4, 1976 hearing and the remand order. As a result of that meeting, at which the plaintiff was not given the opportunity to be heard, the board offered the plaintiff reinstatement to a full-time teaching position and voted to consider her absence from employment from the beginning of the 1976-77 school year to August 29, 1979, as a period of suspension without pay or benefits.

The plaintiff then appealed from the action of the board and also brought an action for a declaratory judgment to determine the legality of her suspension without pay for three years. In the declaratory judgment action, the trial court, *Stoughton, J.,* upheld the board's

decision imposing a penalty short of contract termination, and concluded that it should not substitute its discretion for that of the board in determining a proper penalty. The plaintiff appealed again to the Supreme Court which upheld the judgment, stating: "[W]e point out that the board, in imposing the suspension, did impose a penalty 'short of termination of her contract' and had jurisdiction to do so. *Tucker* v. *Board of Education*, supra, 582. While the plaintiff maintains that this is an excessive penalty, it is one which the board could legally impose under *Tucker I*. In carrying out the mandate of this court, the board was limited to the specific direction of the mandate as interpreted in the light of the opinion. *Gary Excavating Co.* v. *North Haven*, 163 Conn. 428, 430, 311 A.2d 90 (1972); *Mazzotta* v. *Bornstein*, 105 Conn. 242, 243, 135 A. 38 (1926). On remand, while the board could not alter our decision, it could take action which was not inconsistent with our decision. See *Mazzotta* v. *Bornstein*, supra, 244; *King* v. *Alaska State Housing Authority*, 571 P.2d 1010, 1012 (Alaska 1977). The suspension imposed was, as a matter of law, within our remand to the board." *Tucker II*, supra, 752.

The Supreme Court, despite this ruling, considered, in obiter dictum, out-of-state authority cited by the plaintiff to support her claim that the court should have considered the excessiveness of the penalty. The court distinguished such cases and held that "the cases cited by the plaintiff do not support her claim that the action of the board in imposing the suspension was excessive, arbitrary and illegal." *Tucker II*, supra, 754. In concluding this, the court stressed the narrowness of the review offered to the plaintiff in her declaratory judgment action, concluding that "[a declaratory judgment action] is not appropriate for challenging the correctness of an agency's decision in a given case; *Aaron* v. *Conservation Commission*, 178 Conn. 173, 178, 422

A.2d 290 (1979); particularly where there is no right, as here, to a statutory appeal from the determination of a school board imposing a sanction short of termination. In the absence of constitutional claims, therefore, the only basis for her declaratory judgment action is the remand in *Tucker I.*" *Tucker II,* supra, 755.

From the trial court's dismissal of the plaintiff's appeal to it from the board's decision to reinstate her without back pay, the plaintiff appeals to this court raising three issues: (1) Whether the plaintiff, a tenured teacher, has a right to appeal pursuant to General Statutes § 10-151 (f) where her employment was suspended as a result of the defendant board's decision made subsequent to a hearing held under General Statutes § 10-151 (b), which hearing was held to consider the termination of the plaintiff's employment; (2) whether the trial court erred in applying, as a standard of review, the standard enunciated in *Tucker II,* i.e., whether the action of the defendant in suspending the plaintiff was, as a matter of law, within the mandate of the Supreme Court as set forth in *Tucker I;* (3) whether the action of the defendant Board of Education in suspending the plaintiff without pay for the period beginning with the 1976-77 school year and extending until August 29, 1979, was excessive, arbitrary, illegal and an abuse of its discretion.

Since we conclude that the trial court was correct in ruling that the plaintiff did not have the right to appeal from a suspension of employment, we do not reach the second and third grounds of her appeal.

The Supreme Court, in *Tucker II* stated: "No appeal, of course, could be taken from the board's action of June 4, 1979, because under General Statutes § 10-151 (f) an appeal may be taken only from a decision to terminate a teacher's contract of employment. See *Delagorges* v. *Board of Education,* 176 Conn. 630,

633–34, 410 A.2d 461 (1979)." *Tucker II,* supra, 754. This statement, and the similar one cited earlier herein, are dicta. We conclude, however, that they represent a correct statement of the law.

The plaintiff argues that she is an "aggrieved person" and is thus entitled to appeal under General Statutes § 10-151 (f) even though she was suspended and not terminated. Once again, she cites out-of-state authority sustaining such a right. In considering this issue, we look first to the *Delagorges* case cited by the *Tucker II* court. The consolidated cases in *Delagorges* concerned the transfer of two educators from positions as administrators to position as teachers. The two plaintiffs appealed to the Court of Common Pleas from the defendant board's refusal to review their administrative contracts. In dismissing their appeals, the Supreme Court noted the oft-cited law that there is no inherent right to judicial review of administrative actions and that appeals to the courts from administrative boards may be taken only under statutory authority. It further held that the only Connecticut statute authorizing appeals from decisions of school boards is the Teacher Tenure Act, General Statutes § 10-151 (f). *Delagorges v. Board of Education,* 176 Conn. 630, 633, 410 A.2d 461 (1979). The court then went on to state that "[u]nder the Teacher Tenure Act, judicial review is afforded to school board actions that 'terminate' the employment of a tenured school teacher." Id., 634. The Supreme Court then proceeded to uphold the dismissals of the plaintiffs' appeals, stating that the question was the plaintiffs' invocation of General Statutes § 10-151 (f) when they were terminated as administrators but were retained as teachers. The court concluded that the plaintiffs had not acquired tenure as *administrators* and thus were not entitled to appeal. This brief summary of *Delagorges* illustrates that although the statement that "judicial review is afforded to school

board actions that 'terminate' the unemployment of a tenured school teacher" is a correct statement of the law as far as it goes, it does not answer the question posed by the plaintiff as to whether a tenured teacher who was suspended after a termination hearing has a right of appeal.

To answer this question, we must look to the statute itself. In doing so, we follow well trod paths. We must interpret a statute according to its plain and ordinary meaning; *Mazur* v. *Blum*, 184 Conn 116, 118, 441 A.2d 65 (1981); and where possible, statutes must be construed to avoid conflicts between them; *Berger* v. *Tonken*, 192 Conn. 581, 590, 473 A.2d 782 (1984); and to avoid irrational or nonsensical results. *Dukes* v. *Durante*, 192 Conn. 207, 214, 471 A.2d 1368 (1984).

General Statutes § 10-151 (f) provides for an appeal by an aggrieved person *after a hearing as provided in subsection (d)* of that section. That section concerns termination and makes no mention of suspension. A subsection (d) hearing is not required when a school board is only considering suspension without pay as distinguished from termination. Such a claimed right of appeal could be defeated if the board did not provide a subsection (d) hearing. The result of the plaintiff's interpretation of the two sections would be that certain tenured teachers would be entitled to an appeal after a suspension while others would not, depending on whether a pre-suspension hearing on termination was held. We decline to read such an incongruous result into the statutory language.

Lastly, the plaintiff claims that "pernicious results" would ensue from the denial of the right of appeal in cases such as this one. She argues that boards of education could avoid the protections afforded by the Teacher Tenure Act by holding the statutorily required hearing on termination and then imposing an unrea-

sonably long suspension without pay, thus having the effect of a constructive or de facto termination. In *Setterlund* v. *Gordon-Dunstable Regional School Committee,* 382 Mass. 328, 415 N.E.2d 214 (1981), the Supreme Judicial Court of Massachusetts, in holding that a tenured teacher who has been reduced to part-time employment without his consent has been "dismissed" for purposes of an appeal, expressed such concern. " '[L]imiting the application of "removed" or "dismissed" to instances of complete termination would—as a practical matter—totally obliterate the protection intended by the statute [concerning teacher tenure]. If this were the case, a board could merely nibble away and reduce one's employment until economic necessity forced the tenured teacher to resign.' " Id., 332.

We decline to extend the reasoning of *Setterlund* to this case for three reasons. First, being reduced, apparently permanently, to part-time rather than full-time employment has more of the effect of a termination than does the suspension in this case after which the former full-time tenured employment is restored. Second, the *Tucker II* court, as previously cited, held that "[t]he suspension imposed was, as a matter of law, within our remand to the board." The controlling significance of this statement must be viewed in the light of the remand in *Tucker I,* finding dismissal to be "exceedingly excessive punishment for the plaintiff's misconduct." *Tucker I,* supra, 581. Third, if the situation is as dire as the plaintiff claims it to be, the remedy, if any, lies with the elected representatives of the people who adopted the Teacher Tenure Act in the first place.

There is no error.

In this opinion the other judges concurred.