NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| TOMMIE PATTERSON, | ) | |
| | ) | Supreme Court No. S-15589 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-10-06325 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| INFINITY INSURANCE CO., | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1578 – April 13, 2016 |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, John Suddock, Judge.

Appearances: Tommie Patterson, pro se, Anchorage, Appellant. Rebecca J. Hozubin, Hozubin, Moberly, Lynch & Associates, Anchorage, for Appellee.

Before: Stowers, Chief Justice, Fabe, Winfree, Maassen, and Bolger, Justices.

## I.  INTRODUCTION

A motorist was injured in a car accident. His insurance company paid his medical bills up to the coverage limits and denied further payments. He brought several claims against the insurer. The superior court held that, given prior litigation, all of these claims were barred by res judicata; it therefore granted the insurance company's motion for summary judgment. After the motorist appealed, we affirmed the res judicata bar on

---

[*]  Entered under Alaska Appellate Rule 214.

most claims.[1]  However, we held that his embezzlement claim — which alleged that the insurance company wrongfully continued to draw premium payments from his bank account after the motorist had allegedly canceled the policy — was not barred, and we reversed and remanded for further proceedings.  On remand in response to the insurer's new summary judgment motion, the superior court found that the motorist proffered no admissible evidence that he had canceled his policy and again granted summary judgment to the insurance company.  The motorist appeals, arguing that (1) the superior court acted inconsistently with this court's remand and advocated for the insurance company; (2) summary judgment violated his due process rights; (3) the superior court erred in denying motions to disqualify the trial judge for bias; and (4) his freedom of speech rights were violated.  We affirm the superior court in all respects.

## II.    FACTS AND PROCEEDINGS

In December 2006 Tommie Patterson was involved in a motor vehicle accident.[2]  He held an insurance policy with Infinity Insurance Company (Infinity), which provided that Infinity would pay medical expenses up to $5,000.[3]  Patterson sought treatment for injuries resulting from the accident; Infinity paid the treatment providers the $5,000 coverage limit and declined to make further payments.[4]

In December 2008 Patterson filed suit against Infinity, alleging breach of contract and bad faith.[5]  Infinity moved for summary judgment arguing that it had

---

[1]    *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 495 (Alaska 2013).

[2]    *Id.*

[3]    *Id.*

[4]    *Id.*

[5]    *Id.*

fulfilled its contractual obligations by paying the $5,000 policy limit on Patterson's behalf and, therefore, had not breached the contract.[6] The superior court granted Infinity's motion for summary judgment, finding that Patterson had submitted no evidence that Infinity failed to make covered payments on his behalf.[7] Patterson did not appeal this summary judgment ruling.[8]

In April 2010 Patterson filed a second complaint against Infinity.[9] He alleged false advertisement, breach of the insurance contract, document falsification, and fraud.[10] He also alleged embezzlement, contending that Infinity had deducted premiums from his bank account after he had canceled his policy.[11] Infinity filed a motion for summary judgment, arguing that this second complaint was barred by res judicata, collateral estoppel, and the statute of limitations, and that the court lacked jurisdiction.[12] The superior court held that Patterson's claims were barred by res judicata and dismissed the complaint.[13] We affirmed the superior court's grant of summary judgment as to all

---

[6]    *Id*. at 496.

[7]    *Id*.

[8]    *Id*.

[9]    *Id*.

[10]    *Id*.

[11]    *Id*.

[12]    *Id*.

[13]    *Id*. at 497.

claims except the embezzlement claim, which we reversed and remanded for further proceedings.[14]

        After remand Infinity again moved for summary judgment, arguing that:

> (1) the two-year tort statute of limitations bars the claim; (2) Infinity's alleged acts do not constitute embezzlement as a matter of law; and (3) Infinity's withdrawals were not tortious because plaintiff did not provide Infinity legally effective notice that he wanted to cancel his insurance policy until April 2007.

The superior court denied Infinity's motion and also denied its motion for reconsideration. However the superior court left open the possibility that Infinity might refile its motion for summary judgment on the issues of "waiver, estoppel, or implied withdrawal of cancellation." Infinity then filed a new motion for summary judgment focusing on these issues.

        In its ruling on this motion for summary judgment, the court found that Patterson had submitted no admissible evidence establishing that he had canceled his insurance policy. The court also found that, even if Patterson had canceled the policy, he waived his breach of contract claim by continuing to accept benefits under the policy. It therefore granted Infinity's motion for summary judgment. Infinity moved for fees and costs, and the superior court granted the motion and entered a final judgment of $13,097.32 against Patterson.[15]

        Patterson appeals, representing himself.

---

[14]    *Id*. at 500.

[15]    During the course of the proceedings in the superior court, Patterson filed several motions to disqualify the judge presiding over his case. These motions were denied.

## III.   STANDARD OF REVIEW

"Whether a trial court acted inconsistently with this court's mandate is a question of law"[16] to which we apply our independent judgment.[17]

We review a grant of summary judgment de novo and "will uphold summary judgment if the record presents no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."[18]

A judge's decision not to recuse himself is generally reviewed for abuse of discretion.[19]  However, "[w]e review de novo the question of whether a judge appears biased, which is assessed under an objective standard."[20]

"Constitutional issues are questions of law subject to independent review."[21]

---

[16]    *Gaudiane v. Lundgren*, 754 P.2d 742, 744 (Alaska 1988).

[17]    *Tagaban v. City of Pelican*, 358 P.3d 571, 575 (Alaska 2015) (citing *Shaffer v. Bellows*, 260 P.3d 1064, 1068 (Alaska 2011)).

[18]    *Lindsey v. E & E Auto. & Tire Serv., Inc.*, 241 P.3d 880, 885 (Alaska 2010) (citing *Progressive Cas. Ins. Co. v. Skin*, 211 P.3d 1093, 1098 (Alaska 2009)).

[19]    *Sagers v. Sackinger*, 318 P.3d 860, 863 (Alaska 2014).

[20]    *Kinnan v. Sitka Counseling*, 349 P.3d 153, 156 (Alaska 2015).

[21]    *Patterson v. GEICO Gen. Ins. Co.*, 347 P.3d 562, 568 (Alaska 2015) (quoting *Harrod v. State, Dep't of Revenue*, 255 P.3d 991, 995 (Alaska 2011)).

## IV. DISCUSSION

### A. The Superior Court Did Not Fail To Abide By Our Order.

"When an appellate court issues a specific mandate a trial court has no authority to deviate from it."[22] The trial court, however, "may take action which is not inconsistent with the appellate court's decision."[23]

Patterson argues that the superior court acted inconsistently with our remand order when it granted Infinity's motion for summary judgment. In our June 2013 decision, we held: "Because Patterson's embezzlement claim arises from a distinct injury and constitutes a separate harm, we REVERSE the superior court's grant of summary judgment in regards to this claim and REMAND for further proceedings consistent with this opinion."[24] The superior court then commenced proceedings to consider the embezzlement claim the following month. Infinity filed a motion for summary judgment, which the superior court denied. Infinity then filed a motion for reconsideration, which was also denied.

In denying the motion for reconsideration, the superior court left open the possibility that Infinity might refile its motion focusing on "waiver, estoppel, or implied withdrawal of cancellation." Significantly, in its order denying reconsideration the court gave clear and specific direction to Patterson on the necessary steps he would have to take in opposing a future motion for summary judgment:

> In any opposition Mr. [Patterson] should be aware that the court will only consider admissible evidence such as documents or affidavit testimony, and not assertions he

---

[22] *Gaudiane v. Lundgren*, 754 P.2d 742, 744 (Alaska 1988) (citing *King v. Alaska State Hous. Auth.*, 571 P.2d 1010, 1011 (Alaska 1977)).

[23] *Id.* (citing *King*, 571 P.2d at 1012).

[24] *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 500 (Alaska 2013).

merely makes in the opposition itself. Mr. [Patterson] should fully explain in affidavit form when he received the declaration sheet, when he read it, the reason for any delay in reading his mail, when he realized cancellation had not occurred, why he was not placed on notice of continued coverage by his bank statements, how he did learn of continued coverage and so request cancellation in April of 2007, and any other details he considers relevant to the court's decision.

Infinity subsequently filed another motion for summary judgment focusing on the issues previously identified by the court. Patterson filed an opposition but as the superior court explained in its summary judgment order, he "did not heed the court's prior instruction to him that he must file an affidavit, and that mere allegations in his pleading would be insufficient to raise [factual] issues." Patterson "never alleged under oath that he orally instructed an Infinity representative to cancel his insurance." He therefore left "the court with a total lack of information as to the evidence he might present at trial, and he ma[de] no attempt to rebut the admissible evidence offered by Infinity."

To defeat summary judgment, the non-moving party cannot "rest upon mere allegations"[25] but "must produce 'admissible evidence reasonably tending to dispute or contradict the movant's evidence.' "[26] It has been a rule of long standing that "the pleadings of pro se litigants should be held to less stringent standards than those of

---

[25] *Tesoro Alaska Co. v. Union Oil Co. of Cal.*, 305 P.3d 329, 333 (Alaska 2013) (quoting *Cikan v. ARCO Alaska, Inc.*, 125 P.3d 335, 339 (Alaska 2005)).

[26] *Id.* (quoting *Philbin v. Matanuska-Susitna Borough*, 991 P.2d 1263, 1265-66 (Alaska 1999)).

lawyers,"[27] and we have recognized "a duty on the trial judge to advise a pro se litigant of his or her right . . . to file opposing affidavits to defeat a motion for summary judgment."[28] This is exactly what the superior court did in this case: the court explicitly advised Patterson to include affidavits — instead of mere assertions — in his opposition to Infinity's motion for summary judgment. Patterson simply ignored this advice.[29]

Regardless, the superior court's grant of summary judgment is not in tension with our order. We held in Patterson's first appeal that his embezzlement claim was not barred by res judicata and "remand[ed] for further proceedings consistent with [our] opinion."[30] The fact that the superior court granted summary judgment on Infinity's later motion does not conflict with our 2013 opinion. Rather, the second summary judgment was issued for a completely different reason. On appeal Patterson does not dispute that he presented no admissible evidence in opposition to the second summary judgment motion; he argues that summary judgment is categorically barred by this court's remand. This is not correct; because Patterson did not proffer admissible evidence, he appropriately lost on summary judgment.[31]

---

[27]     *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987) (citations omitted).

[28]     *Id*. (italics omitted).

[29]     We also note that the deference due to pro se litigants goes only so far: "a trial court is not required 'to instruct a pro se litigant as to each step in litigating a claim' because such involved assistance 'would compromise the court's impartiality in deciding the case by forcing the judge to act as an advocate for one side.' " *Shooshanian v. Dire*, 237 P.3d 618, 624 (Alaska 2010) (quoting *Bauman v. State, Div. of Family & Youth Servs.*, 768 P.2d 1097, 1099 (Alaska 1989)).

[30]     *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 500 (Alaska 2013) (capitalization omitted).

[31]     *See Tesoro Alaska Co.*, 305 P.3d at 333 ("The moving party has the initial
(continued...)

**B.**   **The Superior Court Did Not Deny Patterson His Due Process Right To A Trial By Jury.**

The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." Analogously, article I, section 7 of the Alaska Constitution provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law." Article I, section 16 provides that "[i]n civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law."

Patterson argues that he was denied the right to trial by jury because the superior court granted Infinity's motion for summary judgment, thus precluding a jury trial. Patterson raised this argument in his prior appeal, and we unambiguously held that "[e]ven as applied to a pro se litigant, 'it is clear that summary judgment is not unconstitutional.' "[32] We further explained:

> We have routinely affirmed use of the summary judgment procedure by the superior courts, and have limited the procedure to cases in which the pleadings and evidence show that there is no genuine issue as to any material fact and that [the moving] party is entitled to a judgment as a matter of

---

[31]   (...continued)
burden of offering admissible evidence showing both the absence of any genuine dispute of fact and the legal right to a judgment.") (quoting *Cikan v. ARCO Alaska, Inc.*, 125 P.3d 335, 339 (Alaska 2005))).

[32]   *Patterson*, 303 P.3d at 499 (quoting *Capolicchio v. Levy*, 194 P.3d 373, 380 (Alaska 2008)).

law. This standard is adequate to prevent the violation of a party's due process right or right to a jury trial.[33]

The United States Supreme Court has also unequivocally held that "summary judgment does not violate the Seventh Amendment."[34] We therefore reject Patterson's due process and jury trial arguments.

### C. The Superior Court Did Not Err In Denying Patterson's Motion For Recusal.

Alaska Statute 22.20.020(a) provides that "[a] judicial officer may not act in a matter in which . . . [he] feels that, for any reason, a fair and impartial decision cannot be given." Citing this provision, Patterson filed three motions for judicial disqualification, one before the first appeal and two after remand. In his first motion Patterson argued that Superior Court Judge Patrick J. McKay should be disqualified because he had previously represented insurance companies.[35] This motion was denied and Patterson raised this issue in his first appeal.[36] We held that "[t]he fact that a superior court judge previously represented other insurance companies does not, without any further evidence, require the conclusion that Patterson was denied a full and fair opportunity to litigate his claims."[37]

Following remand Patterson twice more moved for judicial disqualification. In his July 2013 motion Patterson argued that Superior Court Judge John Suddock — to

---

[33] *Id.* (alteration in original) (quoting *Capolicchio*, 194 P.3d at 380-81).

[34] *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319-21 (1902)).

[35] *Patterson*, 303 P.3d at 499.

[36] *Id*.

[37] *Id.* at 499-500.

whom the case had been reassigned — "demonstrated bias" in Patterson's prior insurance litigation and was ill-suited to be an impartial arbiter. Judge Suddock declined to recuse himself, and Superior Court Judge Andrew Guidi was assigned to review that decision. Judge Guidi found that Patterson's allegations that Judge Suddock was biased against him were "unsubstantiated" and that "Judge Suddock's actions . . . do not reflect a bias or prejudice but merely a neutral process of decision-making." Judge Guidi concluded that Judge Suddock had not "abused his discretion in denying Mr. Patterson's motion to remove himself from this case."

In a February 2014 motion Patterson again moved for Judge Suddock's disqualification. The grounds were substantially similar to his earlier motion, alleging "bias, prejudice, racial hate[,] and willful misconduct." Judge Suddock again denied the motion and Judge Guidi was again assigned to review Judge Suddock's denial. Judge Guidi found that "Judge Suddock's actions . . . do not reflect bias or prejudice, but merely a neutral process of decision-making." He concluded that there was "no evidence" that adverse rulings against Patterson were made "on the basis of anything but the law and facts of the case"; furthermore, the racism allegations were deemed to be "entirely without merit and unsupported." Judge Guidi again concluded that Judge Suddock had not abused his discretion in denying Patterson's motion.

On appeal Patterson does not make any showing that Judge Suddock abused his discretion in denying the motions for disqualification. Judge Guidi's review of both motions is well supported, and we affirm the rulings denying Patterson's two motions to disqualify Judge Suddock.[38]

---

[38] Patterson makes an additional argument that Judge Suddock violated Patterson's free speech rights. The basis of his argument is not well developed, but apparently relates to Judge Suddock leaving the courtroom at the conclusion of

(continued...)

Patterson also argues that the superior court acted as an advocate for Infinity. We have independently reviewed the record and find no merit to this argument. To the extent that Patterson alleges both actual bias and the appearance of bias, our independent review of the record found no evidence that Judge Suddock should have been disqualified on either basis.

## V.    CONCLUSION

We AFFIRM the superior court in all respects.

---

**38**    (...continued)
proceedings. Patterson alleges that this departure was made in "anger, hate, and frustration," but he provides no evidence to support these allegations. We have independently examined the record and conclude that Patterson's free-speech argument is without merit. We also note that Patterson raised this argument in litigation against another insurance company, and we held that argument to be "entirely without merit." *Patterson v. GEICO Gen. Ins. Co.*, 347 P.3d 562, 572 (Alaska 2015).